382 So.2d 386 (1980)
LAUDERDALE NORTH PROPERTIES, INC., a Florida Corporation, Appellant,
v.
SEACREST HOMES, INC., a Florida Corporation, Appellee.
Nos. 77-2001, 78-116.
District Court of Appeal of Florida, Fourth District.
April 2, 1980.
Rehearing Denied May 7, 1980.
*387 Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Bruno L. DiGiulian and John B. DiChiara of DiGiulian, Spellacy & Bernstein, Fort Lauderdale, for appellee.
PER CURIAM.
Following trial the jury returned two verdicts, one in favor of defendant on plaintiff's claim and the other in favor of defendant-counterclaimant on its claim, and judgments were entered.
Thereafter the court entered its order denying plaintiff-counterdefendant's motion to vacate the verdicts, motion for directed verdict and in the alternative for new trial; in the same order the court granted defendant-counterclaimant's ore tenus motion to amend its pleadings.
After consideration we affirm the two final judgments and the post trial order allowing amendment of the pleadings. The awards of attorneys' fees to the defendant for the defense of the claim of the plaintiff and to the defendant on its counterclaim, however, bear examination.
In its affirmative defense the defendant alleged "[t]hat the promissory note sued upon was executed in connection with a purchase money mortgage, both of which were executed simultaneously, the agreement between the parties being that the mortgagee would, in the event of the default in payment by the mortgagor, seek only the recapture of the land by foreclosure of the mortgage... ."
In its counterclaim the defendant alleged a contract between the parties for the purchase of the land which was the subject of the aforesaid note and mortgage, which contract provided that plaintiff would convey the property in a fully developed condition; that plaintiff breached the contract by failing to provide the requisite underground electrical system and wiring; and that as a result of the breach defendant was forced to incur the cost of completing the development of the land.
Post trial the court entered its order permitting an amendment to the affirmative defenses and the counterclaim, pursuant to Florida Rule of Civil Procedure 1.190(b), to include the allegation that the defendant-counterclaimant was induced to enter into the contract for the purchase of the real estate, promissory note and mortgage upon the contemporaneous oral agreement with and representation by the plaintiff-counter-defendant that in the event of a default the plaintiff would not sue on the note but *388 would resort only to a recapture of the title to the real estate, and that but for such oral agreement and representation the defendant-counterclaimant would not have entered into the contract for purchase, nor would it have executed the note and mortgage at closing. Similarly, the court permitted an amendment to the counterclaim. The court noted in its order that the issue of inducement was tried and evidence offered and received thereon at trial.
The contract of sale and purchase provided that "[i]n the event of litigation arising out of or with respect to the terms of this contract, the prevailing party shall be entitled to all costs thereof, including attorneys' fees." It was upon this language that the court awarded attorneys' fees to the defendant and counterclaimant.
Appellant's position is that the defendant having convinced the jury that the provisions of the note were unenforceable the contract was in effect rescinded for all purposes. Appellee countered by saying it did not pray for rescission, but merely alleged and proved that a prior contemporaneous oral agreement was entered into which constituted a limitation on the remedy and not the right to enforce the note. We adopt the argument of the appellee.
Appellant further contends that there was no statutory or contractual basis for the award of the fees; appellee relies on the contract terms set out above.
For the doctrine that there is a limitation upon the parol evidence rule that parol evidence of a matter of inducement is admissible where it is shown that except for the oral agreement the written contract would not have been executed, appellee depends on Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935); Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965); and Healy v. Atwater, 269 So.2d 753 (Fla. 3d DCA 1972).
A reference to the contract provision above shows that it speaks of "the terms of this contract." At first blush it might seem that the attorneys' fees awarded to the defendant for the defense of plaintiff's claim came within the terms of the contract, but on examination it appears that the contemporaneous oral agreement defendant alleged, and proved, was a separate and distinct agreement to induce defendant to enter into the written contract to purchase, not merged in such contract, and thus outside its provision for attorneys' fees. The award for attorneys' fees to defendant for the defense of the claim of the plaintiff should be and is reversed.
On the other hand, we hold that the award to the defendant on its counterclaim clearly was the result of "litigation arising out of or with respect to the terms of this contract," and was proper.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, C.J., BERANEK, J., and WARREN, LAMAR, Associate Judge, concur.