411 So.2d 1323 (1982)
VENETIAN COVE CLUB, INC., a Florida Corporation, and Herbert A. Elliott, Appellants,
v.
VENETIAN BAY DEVELOPERS, INC., a Florida Corporation, Nelson A. Faerber and Nile M. Marriott, Jr., Appellees.
No. 81-609.
District Court of Appeal of Florida, Second District.
January 8, 1982.
Donald T. Franke of Franke & Bryant, P.A., Naples, for appellants.
Nelson A. Faerber, Jr., Naples, for appellees.
SCHEB, Chief Judge.
Appellants, Venetian Cove Club, Inc., a condominium association, and Herbert A. Elliott, a unit owner, challenge the trial court's order assessing attorney's fees in favor of appellees. We reverse.
Appellant, a condominium association, leases the parking and recreation areas associated with the condominium from the appellees. In January 1979 appellants filed suit against the architect, engineer, general contractor, and developer of the condominium seeking damages for alleged construction defects. In June appellants moved the court, pursuant to section 718.401(4), Florida Statutes (1977), to enter an order authorizing them to pay rent to appellees into the registry of the court pending the outcome of the litigation. Over the objection of appellees, the trial court granted the motion and entered an order requiring the condominium association to make payments into an interest-bearing account, as stipulated by the parties, in lieu of the court registry. Appellees took an interlocutory appeal to the supreme court challenging the constitutionality of section 718.401(4). On November 15, 1979, the supreme court declared the statute unconstitutional in Pomponio v. Claridge of Pompano Condominium, 378 So.2d 774 (Fla. 1980). On the authority of Pomponio the supreme court reversed the trial court's order, Marriott v. Venetian Cove Club, Inc., No. 57,438 (Fla., July 10, 1980), after which the association released the rental payments to the appellees.
Appellees then moved to assess attorney's fees against appellants for the fees they *1324 incurred in obtaining direct payment of the rent. The trial court granted the motion and entered an order on January 9, 1981, assessing a fee of $10,000, the amount requested by appellees.
Appellees cited two contractual provisions as the basis for the award of fees. Section 12.2 of the Declaration of Condominium provides:
12.2 Costs and Attorney's Fees. In any proceeding arising because of an alleged failure of an apartment owner or the Association to comply with the terms of the Declaration of Condominium, Articles of Incorporation of the Association, the By-Laws or the regulations adopted pursuant to them, and the documents and regulations as they may be amended from time to time, the prevailing party shall be entitled to recover the costs of proceeding and such reasonable attorney's fees as may be awarded by the court.
Paragraph 11(f) of the Lease Agreement between the parties states:
It is further understood that lessee will pay in addition to the fees and other sums agreed to be paid hereunder, such additional sums as the court may adjudge as reasonable attorney's fees in any suit or action instituted by lessor to enforce the provisions of this lease or the collection of their rent due lessor hereunder.
Appellees recognize that the action instituted by appellants to recover damages for construction defects was not a proceeding which would entitle them to any award of attorney's fees under the quoted provisions. They urge, however, that the proceeding contesting the constitutionality of the statute constituted an action to enforce the condominium association's obligation to make rental payments.
In Florida the courts apply a strict construction to agreements providing for the award of attorney's fees. Ohio Realty Investment Corp. v. Southern Bank, 300 So.2d 679 (Fla. 1974); Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977). Viewing these provisions in that light we conclude that they were only intended to provide for the recovery of attorney's fees in cases where the lessor prevailed in an action based on the lessee's failure to comply with the condominium documents and regulations or the lease. Here, rather than failing to pay rent, the association, as lessee, merely asserted its right under a facially valid statute to make payments into an escrow account pending the outcome of the litigation. The proceeding instituted by appellees challenging the constitutionality of the statute cannot be construed as an enforcement action within the meaning of the above-stated provisions because appellants never violated any of these terms.
Appellees rely on Discount Drugs, Inc. v. Tulip Realty Corp., 396 So.2d 764 (Fla. 4th DCA 1981), to sustain the trial court's judgment. Discount is distinguishable on its facts. There the court held that a lessee's payment into an escrow account in accordance with a stipulation between parties was not payment to the lessor and hence rendered the lessee liable under a provision of the lease requiring a defaulting lessee to pay attorney's fees. Here, payment was made pursuant to a statute conferring such a right upon appellants.
We vacate the order requiring appellants to pay attorney's fees.
CAMPBELL and SCHOONOVER, JJ., concur.