COBB, Judge.
The appellants, Joseph Quinlivan and John Caputo, were the defendants below. The plaintiff below, United Business Investments, Inc. (UBI), is a business broker and sued the defendants for breach of a listing contract and, pursuant to a contractual provision, for attorney fees. The defendants filed a counterclaim seeking attorney fees pursuant to the terms of the written agreement between the parties.
The agreement provided that the defendants were to pay UBI a broker’s fee if their business property were sold, even by themselves, during the specified term of the contract. Paragraph 8 of the contract states:
Broker and Owner agree that should any action or suit be commenced to enforce any provision of this Listing Contract, the prevailing party shall be entitled to reasonable attorney’s fees and court costs as shall be determined by the court.
The defendants sold the property themselves to one Lillian Ciambriello, and the plaintiff sued for its commission. The defendants asserted as an affirmative defense that there was no obligation to pay a commission pursuant to an oral agreement made between themselves and the listing agent contemporaneously with the written contract. The alleged oral agreement excepted the commission requirement if the property were sold to Ciambriello, with whom the defendants had been discussing sale for some months. The defendants fur *330 ther asserted that plaintiff’s agent had been asked to put this exception into the written contract but declined to do so on the basis that “. . . there was no place in that (printed) agreement for an exclusion.”
Immediately prior to trial, the plaintiff dismissed its complaint. The defendants proceeded with their counterclaim for attorney fees and assessment of court costs. A hearing (actually a non-jury trial) was held on the defendants’ claim for attorney fees based on the contractual provision cited above, resulting in the following decision by the trial judge:
THIS CAUSE came on to be heard upon the Motion of the Defendants to assess attorneys fees, based on the listing attached to the Plaintiff’s Complaint, which provides for payment of attorneys fees by the prevailing party in any action commenced for enforcement of the listing agreement. This cause was terminated by voluntary dismissal following the interposition by the Defendant of a defense in the nature of an oral agreement reached at the time or contemporaneously entered into by the parties as an incident to or inducement to the Defendants to enter into the listing contract. Following extensive discovery on this defense, counsel for the Plaintiff announced at this hearing that he was convinced there was such a prior oral agreement and that it constituted a substantial defense, warranting the notice of voluntary dismissal previously filed. The Defendant’s counsel did not take serious issue with the circumstances which brought about the dismissal, that is to say, it appears that he largely agreed with counsel for the Plaintiff, but insisted he was nevertheless entitled to reasonable fees. Counsel for the Plaintiff cited the case of Lauderdale North Properties v. Seacrest Homes, 382 So.2d 386 (4th DCA 1980) and contends that the facts in this case, on the application for attorney fees, are on all fours with the facts in the cited case. Counsel for the Defendant contends the facts are distinguishable. This Court can find no appreciable difference in the controlling facts. It is upon consideration thereof
ORDERED AND ADJUDGED that the Application for Attorneys Fees be denied.
DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 14th day of June, 1981.
Whether or not the trial court was correct in its reliance on the Lauderdale case, and whether or not we would agree with that decision, need not be decided for purposes of resolving this appeal. At the time of this action, section 57.105, Florida Statutes (1981), originally enacted in 1978, was applicable to this case. The trial court’s very finding that the plaintiff admitted it had filed suit for a fee contrary to its own oral agreement which induced the contract sufficiently characterizes the action as a frivolous one. See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), review denied, 392 So.2d 1373 (Fla.1980). There was a complete absence of a justiciable issue, plaintiff knew it, and the applicable statute mandates that attorney fees be assessed against it. Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981); Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980).
Accordingly, we reverse and remand for entry by the trial court of an award of a reasonable attorney fee to the appellants, Joseph C. Quinlivan and John Caputo, at trial and for this appeal,[1] together with court costs at the trial level, which were erroneously denied to the prevailing party.[2]
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.

. See § 59.46, Fla.Stat. (1981).

. See §§ 57.041 and 57.071, Fla.Stat. (1981).