PER CURIAM.
In this condemnation case, the property owners contend it was error for the trial court to disqualify their primary real estate appraiser’s expert testimony. We agree and reverse.
Florida’s constitutional guaranty[1] of full and just compensation in eminent domain actions requires that courts take into account all facts and circumstances which bear a reasonable relationship to the loss occasioned an owner by virtue of his property being taken. Behm v. Division of Administration, Department of Transportation, 383 So.2d 216 (Fla. 1980); Jacksonville Expressway Authority v. Henry G. Dupree Co., 108 So.2d 289 (Fla.1959).
*937 Miami Beach asserts that in light of the trial court’s “almost unbridled” discretion in determining the competency of an expert witness,[2] we are precluded from disturbing its decision to exclude the expert testimony of the owner’s appraiser. We reject that position as being devoid of merit. We recognize that trial courts have broad discretion in determining whether one proffered as an expert witness should be accepted as such; this discretion is not, however, unbridled. Trustees of Central States Southeast and Southwest Areas, Pension Fund v. Indico Corporation, 401 So.2d 904, 905 (Fla. 1st DCA 1981). See also Florida Power Corp. v. Wenzel, 113 So.2d 747, 751 (Fla. 2d DCA 1959).
In the instant case, appellant’s excluded expert appraiser demonstrated that he possessed special knowledge about real estate appraisal that would have assisted the jury in reaching the true value of the property in question. See Buchman v. Seaboard Coast Line R. Co., 381 So.2d 229 (Fla.1980); School Board of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981). His qualifications included a bachelor’s degree in business administration from Seton Hall, post-graduate work at Rutgers University, fifteen years’ experience as a real estate appraiser and court expert in New Jersey condemnation matters, a Florida real estate broker’s license and appearance as an expert in the circuit court of Broward County.
We hold that, on these facts, the trial court abused its discretion by excluding the expert testimony. Section 90.702, Fla.Stat. (1979); Fla.R.Civ.P. 1.390(a). Mr. Figini testified that he had devoted in excess of one hundred hours to the study of the appraisal issues in this case. The fact that he had not previously testified in Dade County as an appraisal expert is an insufficient basis to exclude his testimony.
Accordingly, we reverse and remand for further proceedings consistent with the view expressed herein. In view of our reversal, we do not address the other issues presented.
Reversed and remanded.

. Art. X, § 6, Fla. Const.

. See Division of Administration v. Saemann, 399 So.2d 359, 361 (Fla. 4th DCA 1981).