428 So.2d 288 (1983)
FAIRWAYS ROYALE ASSOCIATION, INC., Appellant,
v.
HASAM REALTY CORPORATION, a Delaware Corporation, et al., Appellees.
No. 82-1158.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
Rehearing Denied April 7, 1983.
*289 Rod Tennyson of Powell, Tennyson & St. John, P.A., West Palm Beach, for appellant.
Gerald F. Richman and Ellen C. Freidin of Floyd, Pearson, Stewart, Richman, Greer & Weil, P.A., Miami, for appellee Hasam Realty Corp.
ANSTEAD, Judge.
This is an interlocutory appeal from an order awarding attorneys' fees to appellee Hasam Realty. We reverse.
The appellant, Fairways Royale Association, leased certain condominium recreational facilities from Hasam Realty Corp. The lease provided for rent to be indexed to the Cost of Living Index and for the lessee to pay the lessor's attorneys' fees for suits instituted by the lessor to enforce the lease or to collect the rent due the lessor.
Hasam instituted a suit to collect the rent, and Fairways paid the disputed rent to the Court Registry pursuant to section 718.401(4), Florida Statutes (1979). Fairways also counterclaimed for damages, alleging breach of Hasam's fiduciary duty to the signers of the original lease. After the Florida Supreme Court declared section 718.401(4) unconstitutional,[1] Hasam was paid the rents being held in the court registry and no further rents were withheld. Fairways' counterclaim asked for damages calculated on the basis of rent due minus rent that would have been due had the lease been negotiated at arm's length. Upon trial Hasam prevailed and Fairways' counterclaim was rejected. Subsequently, Hasam was awarded attorneys' fees of $100,000 for prosecution of the original suit and defense of the counterclaim.
Under the lease, Fairways was obligated to pay Hasam's attorneys' fees in suits instituted by Hasam to collect the rent. Fairways argues on appeal that all fees claimed under the original suit were related to litigation concerning section 718.401(4), Florida Statutes, rather than collection of rent, and that the decision in Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982), forecloses the award of attorneys' fees in this situation. We cannot agree. In Venetian Cove, lessee sued the lessor-developer for construction defects in the leased property. Pursuant to section 718.401(4), the lessee deposited rental payments into the court registry pending resolution of the litigation. Lessor then appealed, asserting the unconstitutionality of section 718.401(4), and asked for attorneys' fees on appeal under a lease clause identical to the one involved herein. The court denied fees on the grounds that the non-payment of rent, and thus the invocation of the attorneys' fees clause, was prompted by the state law as set out in section 718.401(4), rather than the lessee's actions. Here, Fairways first refused to pay the rent, and only deposited the rent into the court registry after suit was filed. The original suit was specifically based on Fairways' non-payment of rent. Thus, in our view Venetian Cove is inapplicable. Because the original suit was instituted to collect the rent we believe its prosecution falls within the scope of the fees clause.
Hasam claims that defense of the counterclaim also constituted enforcement of the lease or collection of the rent. In the counterclaim, Fairways claimed breach of fiduciary duty by Hasam at the time of the original lease. Hasam asserts that because any monetary award on the counterclaim would diminish the amount of rent actually realized by it, defense thereof was necessary to preserve its right to rental payments under the lease. Hence, Hasam contends, we should look at the ultimate effect of the counterclaim, if successfully prosecuted, rather than its form. On the other *290 hand, Fairways asserts that since the counterclaim was not an action to cancel the lease, or the rents set out therein, that the attorneys fees provision does not apply.
For the purposes of awarding attorneys' fees, each claim or permissive counterclaim must be assessed individually. Lauderdale North Properties, Inc. v. Seacrest Homes, Inc., 382 So.2d 386 (Fla. 4th DCA 1980). In addition, contractual attorneys' fees provisions must be construed strictly. Venetian Cove, supra. In Venetian Cove it was held that such a clause was "only intended to provide for the recovery of attorneys' fees in cases where the lessor prevailed in an action based on the lessee's failure to comply with the condominium documents and regulations of the lease." Id., at 1324. This court, in a case with a lease providing for payment of attorneys' fees "incurred by lessor by reason of the lessee's breach of any of the provisions of this lease," Chesterfield Co. v. Ritzenheim, 350 So.2d 15, at 16 (Fla. 4th DCA 1977), denied attorneys' fees for defense of a declaratory judgment action concerning disputed rent escalation clauses. In Chesterfield we looked to the form of the claim, a declaratory judgment, rather than the effect of the relief, in order to apply the fees clause. In that case too, defense of the suit was clearly necessary to preserve the lessor's right to rental payments, yet an award of fees was denied. The analysis in Chesterfield is consistent with the obligation to construe strictly the provision authorizing fees. Under the holding in Chesterfield, the lessor here would not be entitled to attorney's fees for defense of the counterclaim, since the cause of action alleged therein was breach of fiduciary duty rather than an action on the lease.
Accordingly, for the reasons set out above, the order of the trial court is reversed and this cause is remanded for further proceedings consistent herewith. Since the attorneys' fee award must be reversed we need not decide Fairways' alternative claim that the fees awarded were excessive.
LETTS, C.J., and HURLEY, J., concur.
NOTES
[1] Pomponio v. Claridge of Pompano Condo., 378 So.2d 774 (Fla. 1980).