DOWNEY, Judge.
This appeal by appellant, a lessor, seeks reversal of a final judgment in favor of the appellees, lessees, in a suit for declaratory and other equitable relief.
It appears that appellees failed for two months to pay the rental due under a long term lease. Appellant notified appel-lees of the default and of his intention to terminate the lease and take possession of the property. Appellees, contending they were unaware their agents had failed to pay the rent, immediately tendered the delinquent rent plus interest but appellant refused to accept it. Thereupon, appellees sued for declaratory and other equitable relief to relieve them of a forfeiture under the lease. Appellant counterclaimed for declaratory relief. The final judgment found the equities in favor of appellees, declared the lease in full force and effect, and “relieved [appellees] from the inadvertant default in payment of rent.” We are unable to determine any error in the trial court’s conclusion and thus affirm the judgment in all respects.
The trial court reserved jurisdiction to determine the matter of taxable costs and attorneys’ fees. However, both parties seek attorneys’ fees on appeal and the resolution of that question should be determinative of the allowance vel non of attorneys’ fees in the trial court.
The lease contract which is the subject of this litigation contains two paragraphs which pertain to attorneys’ fees. Paragraph XVI entitled Default provides in sub-paragraph D:
D. In the event of any court action between Lessor and Lessee to enforce any provisions or rights hereunder, the prevailing party shall be entitled to recover from the other all costs and expenses, including reasonable attorneys’ fees, in such amount as the court may determine.
However, Paragraph XX of the lease entitled Miscellaneous Provisions provides in subparagraph G:
G. In the event it becomes necessary for either party hereto to bring suit against the other for the purpose of compelling or enforcing performance of any of the agreements, covenants or conditions herein, the non-prevailing party to such suit or proceeding covenants and *288 agrees to pay all expenses and costs of litigation, including a reasonable attorney’s fee.
It seems to us that declaratory relief was sought by both parties; declaratory relief was granted; and the appellees prevailed. Therefore under either paragraph relative to attorneys’ fees appellees should be awarded a reasonable fee. Appellant contended that he moved to dismiss appellees’ claim for declaratory relief and the trial court erred in not granting that motion. We hold the trial court did not err in that regard. Appellant also argues that since appellees were in default they should not recover attorneys’ fees for seeking equity to bail them out. The argument is plausible but not convincing. When appellant notified appellees they were in default and that appellant intended to cancel the lease and take possession it was appellees’ first knowledge that they were in default and they immediately tendered the delinquent rent plus interest. Under the facts of this case and the status of the law in Florida on forfeiture for nonpayment of rent appellant should have accepted the tender and allowed the tenancy to go forward as the court ultimately did. Therefore, under the terms of the lease we see no reason why appellees should not recover their attorneys’ fees as the prevailing parties.
Accordingly, the judgment appealed from is affirmed and appellees are awarded attorneys’ fees for this appeal the amount thereof to be decided by the trial court on remand.
LETTS, C.J., and GLICKSTEIN, J., concur.