PER CURIAM.
Dade Savings & Loan Association appeals an adverse final judgment entered in a declaratory decree action filed by Broks Center, Limited, involving a contract for the sale of office property by Broks Center as seller, to Dade Savings as buyer. We find no error, as urged, in the court’s appointment of an appraiser in this case to assess the value of the subject office property. We reach this result based on the following briefly stated legal analysis.
First, Dade Savings suggested below that a general master be appointed to determine whether a prior disputed appraisal of the property was erroneously arrived at under sound appraisal procedures, and, if so, that the court, among other options, could appoint another appraiser to properly *374 appraise the property. Second, the trial court followed this suggestion and, with the consent of both parties, appointed a general master to determine the validity of the above-stated prior appraisal. Third, the general master’s report concluded that the aforesaid prior appraisal improperly omitted a vital appraisal factor and was, accordingly, erroneous — which report the trial court, without objection, adopted in its entirety. Fourth, the trial court further followed Dade Savings’ initial suggestion and appointed another appraiser, the general master herein, who assessed the value of the property in accord with proper appraisal standards. Fifth, Dade Savings has waived any objections below as to the court’s authority to appoint an appraiser in this case, as it implicitly conceded same throughout the proceedings below. See Williams v. Great American Bank of Dade County, 435 So.2d 402 (Fla. 3d DCA 1983); Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572, 575 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla.1980); Board of Public Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221, 222 (Fla. 3d DCA 1970), cert. denied, 248 So.2d 167 (Fla.1971). Finally, we find no abuse of discretion in appointing the general master as the fourth appraiser because the general master was not, as urged, biased against Dade Savings, see Wilson v. Renfroe, 91 So.2d 857, 861 (Fla.1956); Claughton v. Claughton, 452 So.2d 1073, 1073 (Fla. 3d DCA 1984), rev. denied, 492 So.2d 1330 (Fla.1986), but was a duly qualified and fair appraiser. See Horowitz’s Estate v. City of Miami Beach, 420 So.2d 936, 937 (Fla. 3d DCA 1982); State Road Dept. v. Outlaw, 148 So.2d 741, 742-43 (Fla. 1st DCA 1963).
Affirmed.