529 So.2d 775 (1988)
DADE SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
BROKS CENTER, LIMITED, Appellee.
No. 87-2044.
District Court of Appeal of Florida, Third District.
July 26, 1988.
Rehearing Denied August 31, 1988.
Fine Jacobson Schwartz Nash Block & England and Gary S. Brooks and Linda Ann Wells, Miami, for appellant.
Shapo, Freeman & Freedman, P.A., and Ronald A. Shapo, Kluger & Peretz, Miami, for appellee.
Before BARKDULL FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Dade Savings and Loan Association appeals from an order of the trial court *776 awarding attorney's fees of $100,000 to Broks Center, Limited. We reverse based upon a finding that the declaratory judgment action commenced by Broks Center was not an action to enforce the terms of its contract of sale with Dade Savings and, therefore, did not entitle Broks Center to recovery of attorney's fees.
Broks Center had agreed to sell a commercial property, the Dade Savings Tower, to Dade Savings at a price to be set by appraisals conducted according to guidelines established in Federal Home Loan Bank Board memorandum R41-b. The contract for the sale provided in relevant part: "In any action brought for the enforcement of this Contract, the prevailing party shall be entitled to recover its costs and reasonable attorney's fees." A dispute developed between the parties regarding whether the property value should include existing commercial leases when the lease of the major tenant was due to expire shortly. Broks Center filed a complaint seeking a declaratory judgment as to the correct method for appraising the property. Broks Center subsequently amended its complaint to request specific performance of the contract. The trial court appointed a special master to determine whether the building should be valued according to its existing rate of occupancy or treated as though the leases had expired. The special master concluded that, in order to conform to R41-b, the existing leases had to be calculated into the building's value. Pursuant to the trial court's directive, the special master appraised the building. The trial court set the purchase price to reflect the special master's appraisal. This court upheld the validity of the method of valuation in Dade Savings & Loan Ass'n v. Broks Center, Ltd., 528 So.2d 373 (Fla. 3d DCA 1987). Broks Center then filed a motion for attorney's fees on the ground that it was the prevailing party in its action. The trial court awarded Broks Center $100,000 in attorney's fees pursuant to the parties' stipulation that the amount represented a reasonable fee.
We agree with Dade Savings's contention that the declaratory judgment proceeding instituted by Broks Center cannot be construed as an action to enforce the contract of sale. The complaint did not allege a breach of contract. Neither party was in violation of any contractual provision at the time Broks Center sought to resolve the question of the proper method of appraisal. Under these circumstances, nothing in the contract of sale entitled Broks Center to recover its attorney's fees. See Ocala Warehouse Invs., Ltd. v. Bison Co., 416 So.2d 1269 (Fla. 5th DCA 1982) (where lessor sought judicial interpretation of rent escalation clause of lease and neither party was seeking to enforce any covenant of lease, nothing in lease agreement entitled either party to recover attorney's fees); Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982) (lease provision for prevailing party to recover attorney's fees in proceedings to enforce lease did not apply where lessee merely asserted statutory right to make payments into escrow account pending outcome of litigation). Broks Center's reliance on Dinn v. Edmondson, 428 So.2d 286 (Fla. 4th DCA), rev. denied, 440 So.2d 351 (Fla. 1983), and All-Dixie Ins. Agency, Inc. v. Moffatt, 212 So.2d 347 (Fla. 3d DCA 1968), is misplaced. Both Dinn and All-Dixie involved litigants whose actions culminated in enforcement of contract rights and who were thereby entitled to recover attorney's fees in accordance with their contracts. A declaratory judgment action which results in the enforcement of a contractual term may entitle a party to recover attorney's fees if the contract so provides. See, e.g., Silver Blue Lake Apts., No. 3, Inc. v. Manson, 334 So.2d 48 (Fla. 3d DCA 1976) (defendant landlord who prevailed in declaratory judgment proceeding resulting in enforcement of lease provision for payment of rents on percentage basis was entitled to attorney's fees pursuant to lease's terms). See generally Annotation, Construction and Effect of Lease Provision Relating to Attorneys' Fees, 77 A.L.R.2d 735 (1961). However, "[a]ttorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provides for attorney's fees." Bowman v. Kingsland Dev., Inc., 432 So.2d 660, *777 664 (Fla. 5th DCA 1983). Broks Center's declaratory judgment action resulted only in the determination of the correct method of valuation for appraisal purposes, a matter ancillary to the actual contract of sale. Broks Center does not fall within the Dinn and All-Dixie paradigm, but rather, is clearly precluded from recovering attorney's fees by Ocala Warehouse and Venetian Cove Club.
Moreover, Florida courts "apply a strict construction to agreements providing for the award of attorney's fees." Venetian Cove Club, 411 So.2d at 1324; Ohio Realty Inv. Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla. 1974); Stone v. Town of Mexico Beach, 348 So.2d 40 (Fla. 1st DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978). See also Gator Shoe Corp. v. Taudte, 384 So.2d 1344 (Fla. 3d DCA 1980) (where lease provided that attorney's fees were recoverable on actions to collect "said rental," landlord could not recover attorney's fees based on damages incurred for repair of premises). The trial court erred in expanding the contractual provision to recover attorney's fees to encompass Broks Center's declaratory action for interpretation of the appraisal method.
The order awarding Broks Center attorney's fees is, therefore, reversed.