## PADON TRADING CORP., et al. v WRC PROPERTIES, INC., et al.

Case No. 88-16977 CA (22)

Eleventh Judicial Circuit, Dade County

April 23, 1990

### APPEARANCES OF COUNSEL

**John R. Sutton, Esquire,** for plaintiffs.

**Michael A. Feldman, Esquire,** Squire, Sanders & Dempsey, for defendant, WRC Properties, Inc.

**Anthony H. Pelle, Esquire,** Katz, Barron, Squitero & Faust, for defendant, Kendall Town and Country Associates, Ltd.

### OPINION OF THE COURT

ROBERT P. KAYE, Circuit Judge.

### ORDER DISMISSING COMPLAINT

*AS AGAINST WRC WITH PREJUDICE*

THIS CAUSE came on to be heard upon the motion of defendant WRC PROPERTIES, INC. ("WRC") to dismiss the Second Amended

Complaint with prejudice. WRC argued that pursuant to Fla.R.Civ.P. 1.140(b)(6) the Second Amended Complaint should be dismissed for failure to state a cause of action. The Court agrees.

At the time the Second Amended Complaint was filed, each of the plaintiffs were tenants at the Town & Country shopping center and WRC was their landlord. In Count I of the Second Amended Complaint plaintiffs seek the Court to issue an injunction to require WRC "to manage, promote, advertise and correct the adverse image of the center." However, plaintiffs have not plead facts showing the two prerequisites for the issuance of an injunction: the inadequacy of remedies at law and the likelihood of irreparable injury if the injunction is not granted. *Orlando Sports Stadium, Inc. v State Ex Rel. Powell,* 262 So.2d 881, 885 (1972). Monetary damages would constitute an adequate remedy; Count I states that plaintiffs' problem is a lack of "cash flow." Count I fails to state a cause of action because "where a complaint shows on its face that there exists an adequate remedy at law, there is no jurisdiction in equity." *McNorton v Pan American Bank of Orlando,* 387 So.2d 393, 399 (Fla. 5th DCA 1980).

Count II of the Second Amended Complaint seeks declaratory relief whereby the Court determines "the particular escrow agent for the receipt of rent . . ." The Second Amended Complaint fails to allege any basis for the appointment of an escrow agent, and the leases attached thereto state that rent should be paid to plaintiffs' landlord. While Florida Statutes Chapter 83, Part II provides for accrued rent to be paid into the court registry, there is no counterpart to such a provision in Part I of Chapter 83, which deals with non-residential tenancies. As non-residential tenants, plaintiffs must pay rent to their landlord. The filing of the instant action does not abate plaintiffs' obligation to pay accrued and accruing rent. *See Herrell v Seyfarth, Shaw, Fairweather & Geraldson,* 491 So.2d 1173, 1177 (Fla. 1st DCA 1986):

> A court of equity traditionally has provided relief to tenants against the forfeiture of leases on condition that they tender payment of all accrued rent together with interest. *See Rader v Prather,* 100 Fla. 591, 130 SO. 15 (1930); *Dinn v Edmondson,* 428 So.2d 286 (Fla. 4th DCA), *pet. rev. den.,* 440 So.2d 351 (Fla. 1983).

In Count II of their Second Amended Complaint, plaintiffs also ask the court to determine "the amount of rent payable by each plaintiff considering the condition of the shopping center and the existing defaults." There is no need for the Court to make such a determination because the amount of rent is clearly set out in each of the respective

**135**

leases. Plaintiffs do not allege that the leases are ambiguous; rather, plaintiffs claim that "they do not desire to pay rent at a rate far in excess of the fair rental value on the property." In actuality, plaintiffs are seeking reformation of their leases.

A court of equity will not reform a lease due to alleged breaches of the lease covenants occurring subsequent to execution of the lease. Although equity will correct an instrument because of a mistake of fact, it must be shown that the instrument "does not express the true or agreed intention of the parties . . ." 76 C.J.S. § 26. Furthermore,

> If the mistake is not in the contract or in the writing embodying the contract, but is of an extrinsic fact which, if known, would probably have caused the parties to make a different contract, reformation will not be allowed. . . .

*Id.* Plaintiffs have not alleged that the leases contain any mistakes about fair rental value; therefore, reformation will not be allowed.

Plaintiffs' allegations that they "do not desire to pay to Defendant WRC rent monies for services not provided, for the lease of an abandoned shopping center" also fail to state a cause of action. For purposes of the motion to dismiss, the Court hereby assumes as true the tenuous allegations that the shopping center is "abandoned." Nonetheless, the allegations of abandonment and failure to provide services do not state a cause of action for lease reformation:

> This is so because the lessee continuing in possession following the breach of covenant to repair a portion of the premises was not relieved of his obligation to continue to pay the rent as stipulated in the lease.

*City of Miami Beach v Ellis,* 279 So.2d 335, 338 (Fla. 3d DCA 1973). As the Florida Supreme Court held:

> The mere failure, however, of the landlord to make repairs, the need of which does not render the premises untenantable, will not warrant an abandonment of the premises or relieve the tenant from liability for rent.

*Masser v London Operating Co.,* 106 Fla. 474, 145 So. 79, 83 (1932).

Plaintiffs have failed to state a cause of action for declaratory relief. The Second Amended Complaint does not allege a dispute as to the meaning of the leases, but asks the Court to change that meaning. Declaratory relief does not exist to change the meaning of an agreement where that meaning is clear and unambiguous:

> Although appellants have stated as a conclusion that they are in

136

"doubt" as to their rights under the agreements, the amended complaint shows on its face that there is no doubt as to the meaning of the leases. . . . The Declaratory Judgment Act is not . . . to be employed for the determination of purely factual issues under an agreement that is clear and unambiguous and presents no need for construction.

*Kelner v Woody,* 399 So.2d 35, 37-38 (Fla. 3d DCA 1981).

Count III of Second Amended Complaint attempts and fails to state a cause of action for rescission: "The grounds alleged for the rescission is that the leases were fraudulent inducted by KENDALL and therefore that said leases are inequitable, unconscionable a result of mistake and therefore void." Notwithstanding the allegations that the leases are void, the Second Amended Complaint states that plaintiffs "desire to remain on the premises and to pay a reasonable and not unconscionable rent." The latter allegation negates any cause of action for rescission:

[t]he remedy of rescission is clearly not favored by the courts, particularly when the complaining party has failed to promptly deny the contract as binding upon him and failed to follow a course of conduct manifesting a disavowal of it.

*Steinberg v Bay Terrace Apartment Hotel, Inc.,* 375 So.2d 1089, 1092 (Fla. 3d DCA 1979). Rather that disavowing the leases and abandoning the premises, plaintiffs took possession pursuant to their leases and remained in possession for four years until opting to bring the instant action. Plaintiffs can neither show denial of their leases nor consistency in their disavowal of them:

But it is not enough that one claiming rescission or cancellation because of mistake allege merely that there was a mistake of material fact . . . he must allege facts which show that upon discovery of the mistake he, with reasonable promptness, denied the contract as binding upon him and that thereafter he was consistent in his course of disavowal of it. For if, after acquiring knowledge of the mistake, he either remains silent when he should speak or in any manner recognizes the contract as binding upon him, ratifies or accepts the benefits thereof, he will be held to have waived his rights to rescind. Thereafter, he will be bound by the contract in the same manner as if the mistake of fact had not occurred.

*Rood Company v Board of Public Instruction,* 102 So.2d 139, 142 (Fla. 1958). By taking and remaining in possession of the premises, plaintiffs have ratified the leases and waived any rights to rescind them.

Count IV of the Second Amended Complaint purports to state a cause of action of negligence:

They have not engaged in professional management technique since assuming ownership and this constitutes a violation of a clear legal duty. . . . WRC's negligence caused Plaintiffs' damages for loss of business, loss of profit, financial distress and lost capital.

However, the "legal duty" alleged in Count IV solely arises, if at all, out of the leases:

The tenants assert that, as an additional element of damages, the jury was entitled to find "diminishment in value" of the rental premises under a negligence theory. In other words, the landlord breached its duties under the housing codes and its contractual obligations under the lease and as a result, the tenants did not receive as valuable a leasehold as they should have had the landlord lived up to his obligations. We conclude, however, that the tenants are incorrect and that they are arguing a contract theory of recovery rather than tort.

*K. D. Lewis Enterprises Corp. v Smith,* 445 So.2d 1032, 1037 (Fla. 5th DCA 1984). Accordingly, the Second Amended Complaint fails to state a cause of action in negligence.

The Court having been advised in the premises at a duly noticed hearing on April 23, 1990, it is hereby

ORDERED AND ADJUDGED that:

1. WRC's Motion to Dismiss Second Amended Complaint with Prejudice be and the same is hereby GRANTED; and

2. As against WRC, the Second Amended Complaint be and the same is hereby DISMISSED with prejudice.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida this 23rd day of April, 1990.