PETERSON, Judge.
The trial court granted equitable relief to the tenant/appellee, Advanced Medical Diagnostics Corporation (AMD), by allowing AMD to remain in possession as lessee of appellant’s premises even though AMD had given tardy notice of its exercise of an option to renew under a written lease agreement. The agreement creating a five-year lease term allowed renewal at any time not later than six months prior to the expiration of the five-year term. The term was to expire on June 30, 1989, but AMD did not give notice until February 7, 1989. In granting the relief, the trial court properly applied the tests prescribed by Dugan v. Haige, 54 So.2d 201 (Fla.1951), and Friendship Park Property Corporation v. Shaw, 505 So.2d 456 (Fla.1st DCA), rev. denied, 515 So.2d 229 (Fla.1987).
We affirm the final judgment but reverse the award of $6,500 attorney’s fees to the tenant, AMD. There is no justification for an award of those fees against a landlord who has done absolutely nothing to breach its lease agreement with tenant. The landlord’s only act was to resist the lawsuit initiated by the tenant who invoked the equity powers of the circuit court to. extend the lease. The tenant sought this relief following its failure to give timely notice required by the contract, and AMD was allowed to continue in possession of the premises under the terms of this lease. This extension was not granted pursuant to *823 the terms of the lease. It was a judicial act of equity that saved AMD from severe financial loss after AMD failed to provide a timely notice required by the terms of the lease agreement. The trial court granted declaratory relief to AMD by allowing AMD to exercise the option. In Dade Savings and Loan Association v. Broks Center, Limited, 529 So.2d 775 (Fla.3d DCA 1988), the court found that an attorney’s fee provision in a contract for sale of real estate could not be the basis for an award of fees since the action was for a declaratory judgment, not for enforcement of the contract. Similarly, in the instant case, AMD sought only injunctive and declaratory relief. Moreover, the language used by the parties in the attorney’s fee provision of the lease agreement in the instant case allowed fees only against the “defaulting” or “breaching” party. The appellant did nothing, affirmatively or passively, to create a default under or a breach of the terms of the lease, and fees cannot be awarded. We reverse the award of attorney’s fees to AMD.
AFFIRMED in part; REVERSED in part.
COWART, J., and ANTOON, J., II, Associate Judge, concur.