**CAREY RODRIGUEZ GREENBERG & PAUL, LLP, Plaintiff,**

v.

**Helga ARMINAK, Arminak & Associates, Inc., Defendants.**

**Case No. 08–21557–MC.**

United States District Court, S.D. Florida, Miami Division.

Oct. 28, 2008.

Stephen Patrick Warren, Holland & Knight, Miami, FL, for Plaintiff.

Ronald Lee Kammer, Melissa Anne Gillinov, Hinshaw & Culbertson LLP, Miami, FL, Barry Adam Postman, Cole Scott & Kissane, West Palm Beach, FL, for Defendants.

## OMNIBUS ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD, DENYING MOTION TO VACATE ARBITRATION AWARD, HOLDING PLAINTIFF IS ENTITLED TO COSTS AND INTEREST

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's ("CRGP") Motion to Confirm Arbitration Award (D.E. # 1), filed May 30, 2008. On August 25, 2008, the Defendants (collectively referred to herein as "Arminak") filed their Opposition to the Petitioner's Request to Confirm the Arbitration Award (D.E. # 13).[1] On September 2, 2008, CRGP filed a Reply Brief in Support of Petition to Confirm Arbitration Award (D.E. #14). On September 22, 2008, Arminak filed their Reply to Petitioners' Response to Motion to Enforce/Quash/Compel Arbitration Award (D.E. # 30).

### I. BACKGROUND

The instant action arises from a previous action before Judge Ursula Ungaro–Benages. On October 25, 2006, Rexam Airspray, Inc. ("Rexam") filed an action against Arminak, alleging that Arminak continued to market, sell, and distribute Rexam's patented hair products even after the parties had terminated the Agreement (which contained a non-compete provision) that allowed Arminak to conduct these activities only for a limited time. Rexam requested damages for breach of contract, injunctive relief, and a declaratory judgement that, *inter alia*, Arminak had breached the Agreement. On October 30, 2006, Arminak entered into a written fee agreement with CRGP, a law firm, to provide

---

1. This Court recognizes that, on August 21, 2008, Arminak filed an identically titled Opposition to the Petitioner's Request to Confirm the Arbitration Award (D.E. # 9). This brief contains virtually identical assertions to the brief filed four days later.

Arminak asserts that they have filed a valid motion that this Court vacate the Award. In both these Responses, filed on August 21, 2008 (D.E. # 9), and August 25, 2008 (D.E. # 13), respectively, Arminak did state that this Court should vacate the Award through the instant action (which is based upon the Federal Arbitration Act). Moreover, these Responses were filed within three months of when the Award was entered on May 28, 2008. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate ... must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Thus, this Court concludes that Arminak has filed, in effect, a valid motion to vacate the award. *See International Bhd. Of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.,* 576 F.Supp. 1128, 1133, 1134 (S.D.Fla.1983) (concluding that affirmative defenses to a motion to confirm effectively functioned as a motion to vacate because the affirmative defenses were both timely filed and challenged the arbitrator's decision on legal grounds). However, this Court considers this motion to vacate only in the context of this action, the one in which it was filed, which is based upon the Federal Arbitration Act.

legal representation for this action. On January 25, 2007, Judge Ungaro–Benages dismissed the action due to a lack of personal jurisdiction. Arminak payed the first four invoices of billed legal representation provided by CRGP. However, Arminak failed to pay the final three invoices billed by CRGP.

On June 8, 2007, CRGP commenced an arbitration proceeding in Miami to collect on these unpaid invoices. On March 6, 2008, the Arbitrator (i.e., Michael H. Lax, Esq.) heard arguments and received evidence concerning this matter. On April 16, 2008, both parties supplied post-hearing briefs. On May 28, 2008, the Arbitrator entered an arbitration award ("Award") in CRGP's favor that totaled $67,168.15 on the unpaid invoices and $6,054.38 for administrative costs (not attorney fees) incurred during arbitration. Arminak's counterclaim, which alleged that the amount paid for the first four invoices should be returned to them, was also denied.

## II. *LEGAL STANDARD*

█The instant action was filed by CRGP—pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9—as a petition to confirm the Award. The FAA provides "for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall Street Assocs., L.L.C. v. Mattel, Inc.,* — U.S. ——, 128 S.Ct. 1396, 1400, 170 L.Ed.2d 254 (2008). The FAA does not bestow federal jurisdiction but, instead, requires an independent jurisdictional basis.[2] *See id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). A court must confirm the arbitration award unless

it is vacated, modified, or corrected.[3] *See Hall Street,* 128 S.Ct. at 1402. Section 10 of the FAA provides the grounds for vacating an arbitration award:

(1) [W]here the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon which sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Further, these statutory bases constitute the exclusive grounds for vacating an award pursuant to the FAA. *See Hall Street,* 128 S.Ct. at 1403, 1404 (concluding that a court may not enforce a contract that purports to expand judicial review following arbitration beyond the exclusive statutory bases for vacating an award under the FAA).

## III. *DISCUSSION*

█ Here, Arminak only asserts a nonstatutory basis for vacating the Award: the Award constitutes a violation of *public policy* because the fees for legal representation billed by CRGP were excessive. An allegation that the Award violates public policy is not one of the four exclusive statutory grounds upon which the Award may be vacated. Arminak counters that,

---

**2.** The Court has subject matter jurisdiction over the instant action in which the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

**3.** Arminak has only asserted grounds for why the Award should be vacated. Arminak has not indicated that the Award should be either modified or corrected.

in *Hall Street,* the United States Supreme Court referred to the possibility that non-statutory grounds could serve as bases for vacating arbitration awards. *See* 128 S.Ct. at 1406 ("In holding that [the FAA] provide[s] exclusive regimes for the review provided by the statute, we do not purport to say that [it] exclude[s] more searching review based on authority outside the statute as well. The [FAA] is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable."). Notwithstanding the fact that the High Court did allow for this possibility, the instant action is not the type of case for which non-statutory grounds possibly should be considered. Again, this action was filed pursuant to the FAA, and Arminak's assertion that the Award should be vacated is made in the context of this action. Arminak has not filed a motion to vacate pursuant to a non-FAA alternative that also governs the enforcement of arbitration awards (e.g., a system for enforcement under either state statutory law or state common law). In sum, the undersigned concludes that the Award should be confirmed because vacating on the ground asserted by Arminak would be improper.

■ Additionally, the undersigned concludes that CRGP is entitled to an award of costs incurred for both the underlying arbitration proceeding (i.e., attorney fees incurred by CRGP in both pursuing its claim and defending against Arminak's counterclaim) and the instant action (i.e., attorney fees and other costs incurred by CRGP). The plain meaning of the written fee agreement clearly establishes that CRGP is entitled to such costs: "[I]n the event of non-payment, Clients agree to pay any *costs of collection* incurred, including reasonable attorneys' fees." (Emphasis added.) Arminak counters that (1) the underlying arbitration proceeding and the instant action are not truly collection actions (for which CRGP would be entitled to "costs of *collection* ") and (2) the parties did not contemplate that the "costs of collection" language would apply to arbitration-related proceedings because said language appeared in a paragraph of the written fee agreement separate from the language which established that any disputes would be submitted to binding arbitration. (Emphasis added.) This Court disagrees. First, Arminak only refers to state law from another jurisdiction[4] to support the proposition that the underlying arbitration proceeding and the instant action are not collection actions. However, the instant action, in which the independent jurisdictional basis is diversity jurisdiction, is controlled substantively by the state law of Florida. Without contradiction from Florida state law, common sense dictates that these arbitration-related proceedings—in which CRGP attempted to collect, *inter alia,* fees for legal representation that it had billed to Arminak—should be considered a type of collection action. Second, the entire written fee agreement must be read together to reach a reasonable interpretation. *See In re Yates Dev., Inc.,* 256 F.3d 1285, 1290 (11th Cir.2001) ("[W]hen construing a contract, a court should look to the whole contract." (citing *Transp. Rental Sys., Inc. v. Hertz Corp.,* 129 So.2d 454, 456 (Fla. 3d DCA 1961))). The written fee agreement also provided that all disputes concerning fees that CRGP had billed for its legal representation would be submitted to binding arbitration; thus, any collections costs would necessarily involve arbitration.

---

**4.** *See Wausau Concrete Co., Inc. v. Hanz Contractors, Inc.,* 1993 WL 479543 (Wis.Ct.App. 1993).

Accordingly, if this Court were to interpret that the "costs of collection" language does not apply to any arbitration-related proceedings (as requested by Arminak), such would constitute an absurd result. *See James v. Gulf Life Ins. Co.*, 66 So.2d 62, 63 (Fla.1953) (concluding that, in contract interpretation, courts should avoid a construction that leads to an absurd result; rather, a contract should be given a reasonable construction).

██ Arminak also asserts that CRGP is not entitled to the attorney fees it incurred to defend itself against the counterclaim during the underlying arbitration proceeding. This Court disagrees. Arminak relies upon *Fairways Royale Association, Inc. v. Hasam Realty Corp. et al.*, 428 So.2d 288 (Fla. 4th DCA 1983). In *Fairways*, the Fourth District Court of Appeal held that the lessor was not entitled to attorney fees (under the provision of the contract that provided for attorney fees) for defending against the breach-of-fiduciary-duty counterclaim filed by the lessee because the prospective relief sought under the counterclaim did not relate to the collection of rent. *See* 428 So.2d at 290. Unlike *Fairways*, the counterclaim at issue here alleged that the payments for the first four invoices (concerning legal representation provided by CRGP) should be returned to Arminak. In defending against this counterclaim, CRGP was required to incur costs to enforce the previous collection of payments for these four invoices. Thus, this Court concludes that such costs constitute "costs of collection" under the written fee agreement.

██ Finally, CRGP asserts that it is entitled to an award of interest, computed from the date of the Award and at the current Florida statutory interest rate of eleven percent per annum. *See* § 55.03, Fla. Stat. (2008). Arminak does not contest this assertion. A confirmed arbitration award bears interest from the date of the award, not from the date of the judgment confirming it. *See Parsons & Whittemore Alabama Mach. & Serv. Corp. v. Yeargin Constr. Co., Inc.*, 744 F.2d 1482, 1484 (11th Cir.1984) (concluding that state law governed the award of interest in this diversity case; post-award, pre-judgment interest on the arbitrator's award was proper). Thus, this Court concludes that CRGP is entitled to such an award of interest.

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

1. CRGP's Motion to Confirm Arbitration Award (**D.E. # 1**) be, and the same is hereby, **GRANTED.**

2. Arminak's motion to vacate the Award (**D.E. # 9 & # 13**)[5] be, and the same is hereby, **DENIED.**

3. CRGP is entitled to an award of costs incurred for both the underlying arbitration proceeding (i.e., attorney fees incurred by CRGP in both pursuing its claim and defending against Arminak's counterclaim) and the instant action (i.e., attorney fees and other costs incurred by CRGP). CRGP shall file an affidavit within the next five (5) days that establishes the amount of costs to be awarded.

4. CRGP is entitled to an award of interest, computed from the date of the Award and at the current Florida statutory interest rate of eleven percent per annum. CRGP shall file an affidavit within the next five (5) days that estab-

---

**5.** As previously discussed, this motion to vacate was filed, in effect, when Arminak filed the two virtually identical Responses (D.E.

lishes the amount of interest to be awarded.[6]

# 9 & # 13) to CRGP's Motion to Confirm Arbitration Award.

6. After CRGP files the requested supplemental documents concerning the amount of costs and interest, this Court will enter final judgment.