ADELINE M. DORNER, a single woman, v. RED TOP CAB AND BAGGAGE CO., a Florida corporation, for the use and benefit of VIRGINIA FONTAINE and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation authorized to do business in the State of Florida.

37 So. (2nd) 160                                                    June Term, 1948
October 15, 1948                                                    Division A

*George J. Baya,* for appellant.

*E. F. P. Brigham,* and *Cushman & Woodard,* for appellees.

TERRELL, J.:

Appelles recovered a judgment against appellant, in which was included the sum of $272.73 taxed as costs of the litigation. A portion of the latter amount was for attorneys' fees incurred in taking depositions on behalf of defendant. Appellant moved to quash that part of the execution relating to attorneys' fees. His motion was overruled and this appeal was prosecuted. The items to which the motion to quash was directed were, (1) $35.00 awarded Allaben & Wiarda, Attorneys of Grand Rapids, Mich., for representing plaintiff in the taking of depositions, (2) $50.00 awarded a Mr. Chase, Attorney of California for a similar purpose and (3) $50.00 awarded Gay & Behrens, New York Attorneys for a like purpose.

The point for determination is whether or not attorneys' fees for the taking of depositions to be used as evidence in a case may be taxed as costs.

This court is committed to the doctrine that attorneys' fees cannot be taxed as costs in any cause unless provided for by contract, agreement or by terms of the statute. Webb v. Scott, 129 Fla. 111, 176 So. 442; State v. Barrs, 87 Fla. 168, 99 So. 668. No express provision of statute and no contract is shown to support the amounts allowed as attorneys' fees here.

It is also contended that the item of $13.00 expended in taking the deposition of J. A. Fite in behalf of appellees should

be rejected because it was not placed in evidence at the trial and was never made a part of the record. In our view the position of appellant on these points is well taken and finds ample support in the cases cited.

The judgment appealed from is accordingly reversed as to the items complained of. In all other respects it is affirmed.

Reversed in part, affirmed in part.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.