693 So.2d 1114 (1997)
Robert M. SHOLKOFF, Petitioner,
v.
BOCA RATON COMMUNITY HOSPITAL, INC., Respondent.
No. 95-3865.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Edward Diaz and D. Culver Smith III of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, and Scott R. Shepherd of Greenfield & Rifkin, LLP, Ardmore, PA, for petitioner.
Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for respondent.
FARMER, Judge.
While a patient at Boca Raton Community Hospital, Robert Sholkoff incurred a bill for $35,000. He sued the hospital in a class action, raising various challenges to the amount of the bill. Then he voluntarily dismissed the action, but later filed a new action raising similar claims. The hospital moved to recover costs and attorney's fees in the original action under rule 1.420(d).[1] After a hearing, the trial judge entered a judgment awarding the hospital the sum of $12,705, of which $12,232 represented attorney's fees. The judgment states that the Hospital "shall recover" costs in the stated amount and closes with the words "for which let execution issue." Sholkoff has now filed an appeal in this court to review the award.
*1115 The first question we confront, not raised by the parties, concerns the form of review. In this caseas, we suspect, for all costs judgmentsthe form of the judgment is final with the traditional words allowing execution. Ordinarily there would be no question that such a judgment is reviewable as a final judgment under rule 9.110.[2] In Chatlos v. City of Hallandale, 220 So.2d 353 (Fla.1969), however, the supreme court held that the proper method for review of an order awarding costs after a voluntary dismissal is a petition for certiorari, overruling a contrary decision. It is clear under Chatlos that awards of costs and fees after a voluntary dismissal are not reviewable as final appeals, but instead by certiorari.
When the new Florida Rules of Appellate Procedure were adopted in 1977, the revision made no provision for review of orders awarding costs after a voluntary dismissal; and the commentary of the rules committee, like the supreme court's opinion approving the new rules, does not cite or even mention Chatlos. See In re Proposed Florida Appellate Rules, 351 So.2d 981 (Fla.1977). There is no clear expression in the current appellate rules, therefore, that would allow a court to determine that Chatlos is no longer good law.
And, at the same time, while a "judgment" awarding voluntary dismissal costs may have all the indicia, as here, of a final judgment on which execution is possible, such a judgment may nevertheless lack some attributes of finality. For example, rule 1.420(d) expressly provides that in any refiled action the trial court:
may make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
Under our recent decision in Estate of McGrail v. Rosas, 691 So.2d 50 (Fla. 4th DCA 1997), the trial court could allow periodic or installment payment of the cost award, which would of course require a stay of the refiled action. Additionally, the cases hold that the dismissing party who pays costs after the voluntary dismissal but who then prevails in the refiled action may recover from the losing party at least some of the costs previously paid. See Rose Printing Co. v. Wilson, 602 So.2d 600, 604 (Fla. 1st DCA 1992), aff'd, 624 So.2d 257 (Fla.1993); and McArthur Dairy, Inc. v. Guillen, 470 So.2d 747, 749 (Fla. 3d DCA 1985). Thus, while the order for costs may nominally be a judgment, it is not as final as an ordinary judgment for costs and fees would be after the case has been concluded on the merits. It is therefore reasonable to question whether the judgment awarding costs can be deemed truly final and thus reviewable under rule 9.110.
Since the adoption of the Florida Rules of Appellate Procedure, some courts have squarely held that review of awards of costs following a voluntary dismissal is properly by certiorari. See Rose Printing Co. v. Wilson, 602 So.2d 600 (Fla. 1st DCA 1992), aff'd, 624 So.2d 257 (Fla.1993); Barry A. Cohen P.A. v. LaTorre, 595 So.2d 1076 (Fla. 2nd DCA 1992); and Solimando v. Aloha Medical Center, 566 So.2d 580 (Fla. 2nd DCA 1990), after remand, 594 So.2d 850 (Fla. 2nd DCA 1992). So too with orders denying costs after the voluntary dismissal. See Wiper Hut Systems Inc. v. Steavens, 626 So.2d 289 (Fla. 4th DCA 1993); Rose Printing Co. Inc. v. Wilson, 602 So.2d 600 (Fla. 1st DCA 1992), aff'd, 624 So.2d 257 (Fla.1993); and Campbell v. Maze, 307 So.2d 234 (Fla. 4th DCA 1975), aff'd 339 So.2d 202 (Fla.1976). We therefore hold that, even under the Florida Rules of Appellate Procedure, Chatlos is still good law, and the proper method to obtain review of orders awarding and denying costs after a voluntary dismissal is by petition for certiorari. Accordingly, we treat this appeal as a petition for a writ of certiorari.
Turning to the substance, Sholkoff relies on a rule of "strict construction" of agreements for attorney's fees and argues that it was error to include attorney's fees in the cost award under rule 1.420(d) because the agreement in this case does not, he contends, unambiguously authorize attorney's fees. When he was admitted to the hospital, Sholkoff signed an "AUTHORIZATION AND *1116 GENERAL CONSENT" form. The second paragraph of this form is entitled "GUARANTEE AT TIME OF ADMISSION" and contains the following provision:
"In consideration for the services to be provided to the patient, the undersigned promise(s) to pay Boca Raton Community Hospital, Inc., and any physician providing services during the period of this admission, all amounts due for services so rendered, which payment shall be due in full at the time of discharge. The undersigned further understands that all accounts not paid in full within [sic] forty-five (45) days of the dates of discharge shall bear interest at the highest rate permitted by law, which interest shall be added to the unpaid balance. In the event it is necessary to refer this account to a collection agency or an attorney, the undersigned further agrees to pay all reasonable costs of collection, including reasonable attorney's fees." [emphasis supplied.]
Specifically, he argues that the underlined text is not as broad as the costs/fees agreement at issue in Wilson v. Rose Printing Co. Inc., 624 So.2d 257 (Fla.1993), and that applying a strict construction to the present agreement, the court must conclude that fees are not included within the term costs. In Wilson, the agreement provided:
"In connection with any litigation arising out of this agreement the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees for such litigation and any subsequent appeals."
624 So.2d at 258. Sholkoff argues that the Wilson agreement applied to "all" costs, while the hospital's form in this case applies merely to "costs of collection." In essence, Sholkoff reasons that when this agreement is "strictly" construed, it cannot be deemed to include attorney's fees as a cost of collection.
In this case we focus our attention on agreements between separate parties providing that one party will bear the cost of the other party's costs and attorney's fees incurred in a specific matter between them. These agreements are in the nature of indemnification. That is to say, the party having the right under an agreement to recover attorney's fees for a particular matter from another party usually is obligated in the first instance to the party's own attorney handling the matter. The party having the right of recovery may indeed actually have to compensate the attorney during the handling of the matter. The right of recovery, therefore, usually follows the conclusion of the matter and is in the nature of restoring to the party having the right the cost of the attorney's fee so incurred, as long as it is reasonable. We note that in indemnity actions an indemnitee is generally entitled to recover as part of general damages the reasonable cost of an attorney for the matter. See, e.g., American and Foreign Ins. Co. v. Avis Rent-A-Car System Inc., 401 So.2d 855 (Fla. 1st DCA 1981); Brown v. Financial Indem. Co., 366 So.2d 1273 (Fla. 4th DCA), cert. denied, 378 So.2d 342 (Fla.1979). In that instance, the law has no difficulty in implying an obligation to pay the attorney's fees of another.
We understand Sholkoff to mean, by his argument of strict construction, that all contracts for attorney's fees must, at least initially, be construed against an award of fees. This notion seems to be an adage without a clear origin.[3] Sholkoff cites our decision in Fairways Royale Ass'n Inc. v. Hasam Realty Corp., 428 So.2d 288 (Fla. 4th DCA 1983), to support the proposition that agreements for another party's attorney's fees must be strictly construed. In Fairways, a condominium association was obligated under a lease that contained a provision for the lessee to pay attorney's fees if the lessor sued for rent. When the lessor sued for unpaid rent, the association counterclaimed for damages on the theory that the rent provided in the lease was excessive and should be reduced. The lessor prevailed on the claim for rent accumulated in the court registry during the suit, but the association lost after a trial on its counterclaim. The lessor then sought attorney's fees under the lease provision for *1117 the entire case, which the trial court awarded.
On appeal, we reversed any award for defense of the counterclaim, reasoning that the attorney's fee provision in the lease provided for fees only in an action to collect unpaid rent, but not in defense of the counterclaim. As we explained:
"For the purposes of awarding attorneys' fees, each claim or permissive counterclaim must be assessed individually. Lauderdale North Properties Inc. v. Seacrest Homes, Inc., 382 So.2d 386 (Fla. 4th DCA 1980). In addition, contractual attorneys' fees provisions must be construed strictly. Venetian Cove [Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982)]. In Venetian Cove it was held that such a clause was `only intended to provide for the recovery of attorneys' fees in cases where the lessor prevailed in an action based on the lessee's failure to comply with the condominium documents and regulations of the lease.' Id. at 1324. This court, in a case with a lease providing for payment of attorneys' fees `incurred by lessor by reason of the lessee's breach of any of the provisions of this lease,' Chesterfield Co. v. Ritzenheim, 350 So.2d 15, at 16 (Fla. 4th DCA 1977), denied attorneys' fees for defense of a declaratory judgment action concerning disputed rent escalation clauses. In Chesterfield we looked to the form of the claim, a declaratory judgment, rather than the effect of the relief, in order to apply the fees clause. In that case too, defense of the suit was clearly necessary to preserve the lessor's right to rental payments, yet an award of fees was denied. The analysis in Chesterfield is consistent with the obligation to construe strictly the provision authorizing fees. Under the holding in Chesterfield, the lessor here would not be entitled to attorney's fees for defense of the counterclaim, since the cause of action alleged therein was breach of fiduciary duty rather than an action on the lease." [emphasis supplied.]
428 So.2d at 290. Thus we affirmed the award of attorney's fees for the collection of rent but reversed any award for defense of the counterclaim. Although we cited a rule of strict construction, we then proceeded to analyze the intent of the parties manifested in the attorney's fee provision to determine whether all the fees sought actually related to the matter for which attorney's fees were agreed, i.e. to the lessor's action for the collection of rent.
The case we cited to support a rule of strict construction, Venetian Cove, in turn cites Ohio Realty Investment Corp. v. Southern Bank, 300 So.2d 679 (Fla.1974), as the source of the rule. Thus we finally come to a supreme court decision as ostensible authority for the proposition that all contracts for attorney's fees must be strictly construed. In Ohio Realty, however, the issue was whether appellate attorney's fees were authorized in that mortgage foreclosure proceeding. The note and mortgage in suit provided for "`reasonable attorney's fees' in the event of default and foreclosure." 300 So.2d at 682. The supreme court reversed an award of appellate fees because the fee agreementi.e., the note and mortgage provision for fees in the event of default and foreclosuredid not expressly provide for fees on appeal.
The court based its decision on Lake Killarney Apts. Inc. v. Estate of Thompson, 283 So.2d 102 (Fla.1973); and Luckhardt v. Pardieck, 142 So.2d 749 (Fla. 2d DCA 1962). In Lake Killarney Apts., the issue was identical: whether a general agreement for attorney's fees that did not expressly include appeals authorized an award of appellate fees. Luckhardt, however, involved a trial court's order including attorney's fees in a supersedeas bond in spite of the fact that there was no general agreement between the parties providing for an award of attorney's fees. It is difficult to understand how the court leaped from refusing to include fees in a bond, as a matter of law and procedure, to excluding appellate fees from a general fee agreement unless appellate fees are expressly included, but nevertheless that is exactly what the court did.
It is even more difficult, however, to read this line of cases to produce a categorical rule that all agreements providing for attorney's fees must be strictly construed against fees.
*1118 Indeed, there is no discussion or even a suggestion as to why an agreement for attorney's fees from another party should be construed more strictlyor, for that matter, any differentlythan any other contract. Actually, in Ohio Realty where the court concluded that the agreement did not explicitly mention fees on appeal, the court explained that:
"to hold otherwise would place an unwarranted penalty on the prosecution of an appeal by a mortgagor and add a premium to a mortgagee's appeal or resisting of a mortgagor's appeal."
300 So.2d at 682. Thus, rather than adopting a categorical strict construction rule against fees generally, the court based its decision on the costs of foreclosing a mortgage or in defending against the foreclosure of a mortgage. The court further explained that:
"An attorney's fee on appeal is without the essential legal basis unless there is express language which meets the contractual prerequisite of `a meeting of the minds' required to provide the contractual basis necessary to recover such an attorney's fee, there being no applicable statute thereon."
Id. We read this last explanation to state that the parties must manifest in some clear way an agreement to indemnify the other for attorney's fees for a specific matter.[4]
In another line of cases on this subject, the supreme court has held that attorney's fees are recoverable from another party only when the parties have so agreed in advance or when the legislature has so provided in an applicable statute. See Hampton's Estate v. Fairchild-Florida Const. Inc., 341 So.2d 759 (Fla.1976); Campbell v. Maze 339 So.2d 202 (Fla.1976); Kittel v. Kittel, 210 So.2d 1 (Fla. 1968); Larson v. Warren, 132 So.2d 177, appeal dism'd, 369 U.S. 427, 82 S.Ct. 879, 8 L.Ed.2d 7 (1962); State ex rel. Hartford Acc. & Indemn. Co. v. Johnson, 118 So.2d 223 (Fla.1960); Codomo v. Emanuel, 91 So.2d 653 (Fla.1956); Shavers v. Duval County, 73 So.2d 684 (Fla.1954); Phoenix Indemn. Co. v. Union Finance Co., 54 So.2d 188 (Fla. 1951); Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (Fla.); Ex parte Graham, 136 Fla. 20, 186 So. 202 (1939); Webb v. Scott, 129 Fla. 111, 176 So. 442 (1937). As the court explained in Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265, 266 (Fla.1973), "[a]n award of an attorney fee to any litigant is in derogation of the common law, and it is allowed only when provided for by contract or statute." There is also a rule that statutes in derogation of the common law must be strictly construed in favor of the common law. Carlile v. Game & Fresh Water Fish Comm., 354 So.2d 362 (Fla.1977). We are unable to find any authority, however, for the proposition that agreements in derogation of the common law must be strictly construed for or against any party.
Thus, perhaps it is more accurate to say that the rule is that if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable. Ohio Realty, 300 So.2d at 682; Fairways Royale Ass'n, 428 So.2d at 290. That is not so much a matter of strict construction as it is a rule for resolving ambiguities. If the agreement is clear, no construction is necessary. If it is ambiguous, the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed; nor will it allow intentions to indemnify another's attorney's fees to be ambiguously stated and then resolved by the finder of fact.
In this instance, the agreement states unambiguously that the term "costs of collection" includes attorney's fees. It is thus not necessary to engage in construction of the text of the agreement because the parties have made it clear that costs includes fees. The general rule of Ohio Realty has thus *1119 been satisfied; "there is express language which meets the contractual prerequisite of `a meeting of the minds' required to provide the contractual basis necessary to recover such an attorney's fee." 300 So.2d at 682.
We also must bear in mind precisely what we are deciding. In Wilson, the supreme court made it evident that, in awards of costs under rule 1.420(d), "[w]e look to the agreement merely to define costs, not to determine the circumstances under which costs may be awarded." 624 So.2d at 258. Rule 1.420(d) provides the matter for which the costs may be assessed, and the agreement here provides the definition of costs as including attorney's fees. Therefore it is unnecessary to resort to the agreement for anything more than the definition of costs. As the parties have made clear in that agreement that costs includes fees, the trial court did not err in including attorney's fees in the award of costs.
CERTIORARI DENIED.
STONE and WARNER, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.420(d) ("Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.").
[2] Fla.R.App.P. 9.110 (appeal proceedings to review final orders of lower tribunals).
[3] Of course, as between the attorney and client, the law has had no difficulty in implying an agreement to pay a reasonable fee when a party engages an attorney to represent oneself in a matter. See, e.g., Lamoureux v. Lamoureux, 59 So.2d 9 (Fla.1952); Freedman v. Horton, Schwartz & Perse, 383 So.2d 659 (Fla. 3d DCA 1980).
[4] The idea that some ambiguous contracts will not be resolved by a finder of fact but instead for or against one party is found in other substantive areas besides attorney's fees. See Prudential Prop. & Cas. Ins. Co. v. Swindal, 622 So.2d 467 (Fla.1993) (ambiguities in insurance contracts are construed in favor of insured and against insurer who prepared policy); State ex rel. Guardian Credit Indem. Corp. v. Harrison, 74 So.2d 371 (Fla.1954) (ambiguity in language of written contract is construable most strongly against party presumed to have selected language).