FLETCHER, Judge.
In order to conclude litigation between them, appellant/cross appellee Toyota Motor Credit Corporation [Toyota] and appel-lee/cross appellant Dollar Enterprises, Inc. d/b/a Dade Towing and Recovery [Dade Towing] entered into á settlement agreement (in the form of two letters) under which Toyota agreed to pay Dade Towing $5,500.00, and “[t]axable costs and reasonable attorneys’ fees to be determined by the court at a post settlement hearing.” After paying the $5,500.00, Toyota opposed Dade Towing’s demand for attorneys’ fees, contending that the settlement agreement authorized an award of attorneys’ fees only if the trial court first found statutory entitlement to such fees under Dade Towing’s cause of action against Toyota. Dade Towing countered that the agreement unambiguously provided for the payment of attorneys’ fees and, thus, the trial court’s only responsibility was to determine the “reasonable” amount thereof. The trial court rejected Toyota’s position, heard evidence on the amount of fees requested, and then awarded Dade Towing $5,600.00 in attorneys’ fees. Toyota appeals the attorneys’ fee award and Dade Towing cross appeals the amount of the award. We affirm on both the appeal and the cross appeal.
An award of attorneys’ fees requires a finding of entitlement (whether statutory or otherwise) and a determination of a reasonable amount to be paid to the entitled party. An agreement for the payment of attorneys’ fees is a sufficient entitlement thereto if it unambiguously states that intention and clearly identifies the matter in which the fees are recoverable. Sholkoff v. Boca Raton Community Hosp., Inc., 693 So.2d 1114 (Fla. 4th DCA 1997).[1] Here, the agreement called for Toyota to pay as damages the sum of $5,500.00 as a “portion of its obligation under the settlement contract.” Toyota’s other obligations included “reasonable attorneys’ fees” which were to be determined by the court.
As we discern Toyota’s argument, it contends that the words “reasonable attorneys’ fees” are to be construed to mean a fee which is fair in amount, and to which the receiving party is (reasonably) entitled. We conclude, however, that in common parlance the words “reasonable attorneys’ fee” are used to identify a standard as to amount (fair or not excessive) and do not relate to the question of entitlement, which is primarily based on statute or contract (which may or may not be seen as reasonable by observing non-parties). See Kuhnlein v. Department of Revenue, 662 So.2d 309, 312-13 (Fla.1995); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1149-50 (Fla.1985); *1321 Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA), cert. denied, 330 So.2d 20 (Fla.1976); see also People v. Johnson, 93 Ill.App.3d 848, 49 Ill.Dec. 235, 238, 417 N.E.2d 1062, 1065(“A reasonable fee infers at least some compensation.”), aff'd, 87 Ill.2d 98, 57 Ill.Dec. 599, 429 N.E.2d 497 (1981). Thus the issue to be put before the trial court under the plain terms of the parties’ agreement was the amount of the “obligation,” not whether there was an obligation at all.
Finding that the trial court properly resolved the issue put before it by the parties through the agreement, and concluding that the cross appeal as to the amount of attorneys’ fees is without merit, we affirm on both the appeal and the cross appeal.
Affirmed.
COPE, J., concurs.
SCHWARTZ, C.J, dissents.

. The Fourth District also concluded that if an attorneys' fee agreement is ambiguous it is per se unenforceable and no attempt is to be made to look beyond the contract for the parties' intentions. Sholkoff, 693 So.2d at 1118. We do not reach that issue.