FARMER, Judge,
specially concurring.
The appellees in this ease confuse the right to attorney’s fees from a third party under a statute, with the entirely separate matter of the power of a trustee to pay expenses out of an estate. Section 737.402(1), Florida Statutes (1995), provides that the trustee of a trust has the power to perform certain acts without prior court approval, including all of the acts specified in subsection 737.402(2). Subsection 737.402(2)(u) says:
“Unless otherwise provided in the trust instrument, a trustee has the power ... [t]o pay taxes, assessments, compensation of the trustee, and other expenses incurred in the collection, care, administration, and protection of the trust.”
I note that this statute does not even mention the words “attorney’s fees.” Clearly section 737.402(2)(u) does not purport to create an entitlement in anyone to recover their attorney’s fees from a trust. It merely authorizes a trustee to pay certain expenses of *13 administration to himself without a prior court order. Indeed, the obvious purpose of the statute is to dispense with the necessity of a court order specifically authorizing payment of routine trust expenses. There is no stated intent to enact an entitlement to attorney’s fees. It is simply not a fee-authorizing statute.
The supreme court has held that attorney’s fees are recoverable from another party only when the parties have so agreed in advance, when the legislature has so provided in an applicable statute, or when a common fund has been generated by the lawyer’s efforts. Estate of Hampton v. Fairchild-Florida Const. Co., 341 So.2d 759, 761 (Fla.1976) (“In general, attorneys’ fees are not recoverable unless a statute or a contract specifically authorizes their recovery, or unless equity allows attorneys’ fees from a fund or estate which has been benefitted by the rendering of legal services.”). Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948) (express provision of statute required to support award of attorney’s fees). The court has flatly stated that “[a] statute providing authority to award fees must do so expressly.” Knealing v. Puleo, 675 So.2d 593, 596 (Fla.1996). Again, here the statute does not even use the term “attorney’s fees”; nor does it purport to create a right to fees in anyone.
In Sholkoff v. Boca Raton Comm. Hosp., 693 So.2d 1114 (Fla. 4th DCA 1997), this court addressed the subject and concluded as follows:
“the rule is that if an agreement for one party to pay another party’s attorney’s fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney’s fees are recoverable. That is not so much a matter of strict construction as it is a rule for resolving ambiguities. If the agreement is clear, no construction is necessary. If it is ambiguous, the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed; nor will it allow intentions to indemnify another’s attorney’s fees to be ambiguously stated and then resolved by the finder of fact.
“In this instance, the agreement states unambiguously that the term ‘costs of collection’ includes attorney’s fees. It is thus not necessary to engage in construction of the text of the agreement because the parties have made it clear that costs includes fees. The general rule of [Ohio Realty Investment Corp. v. Southern Bank, 300 So.2d 679 (Fla.1974)] has thus been satisfied; ‘there is express language which meets the contractual prerequisite of ‘a meeting of the minds’ required to provide the contractual basis necessary to recover such an attorney’s fee.’ ”
693 So.2d at 1118-19. Although Sholkoff involves contractual fees, the principle is equally applicable to statutory fees. Cf. Dorner, 37 So.2d at 161.
Applying the method of analysis this court employed in Sholkojf, I concur in a reversal, but not because of any “construction” of the statute employing the principle of ejusdem generis. Rather I have arrived at this conclusion from a simple reading of section 737.402(2)(u), giving the words their ordinary meaning and without resort to statutory construction. On that basis I concur.