**NEW IMAGE LABORATORIES, INC., a California corporation, Plaintiff–Appellee,**

v.

**THE STEPHAN COMPANY, a Florida corporation; Stephan Distributing Inc., a Florida corporation, Defendants–Appellants.**

New Image Laboratories, Inc., a California corporation, Plaintiff–Appellant,

v.

The Stephan Company, a Florida corporation; Stephan Distributing Inc., a Florida corporation, Defendants–Appellees.

No. 01–55687, 01–55794.
D.C. No. CV–98–05060–RJK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided April 29, 2002.

---

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.*

MEMORANDUM **

The Stephan Co. and Stephan Distributing, Inc. (collectively "Stephan") appeal the order of the district court granting partial summary judgment against them and in favor of New Image Laboratories, Inc., ("New Image") on New Image's claims of breach of contract and breach of the implied covenant of good faith and fair dealing. New Image cross appeals the partial summary judgment granted in favor of Stephan on New Image's claim of promissory fraud/deceit, the district court's decision not to award New Image damages for diminution in stock value and the district court's denial of attorney fees to New Image. This is a diversity action arising under Florida law and our jurisdiction lies under 28 U.S.C. § 1291. We reverse in part, affirm in part and remand for further proceedings.

We review a grant of summary judgment de novo. *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). The court must determine, upon viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether any genuine issues of material fact exist. *Id.* Because the parties are familiar with the facts, we recite only those facts necessary to explain this disposition.

1. Inventory Price Adjustment Claim. The district court granted New Image summary judgment on its claim of breach of contract relating to the price adjustment provision of the acquisition agreement

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

("Agreement"), reasoning that Stephan was not entitled to a price adjustment for either deficient accounts receivable or deficient inventory because Stephan failed to meet a condition precedent when it submitted an inventory certification utilizing Generally Accepted Accounting Principles ("GAAP") rather than standard cost methods.[1] We reverse.

■ As an initial matter, we reject Stephan's claim that the district court erred by relying on extrinsic evidence to interpret the meaning of Section 2.9(c), which provides that Stephan's certification would reflect "net book value" and would "utiliz[e] the same inventory valuation methods as used by [New Image] prior to Closing." Under Florida law, the court may utilize parol evidence to interpret ambiguous contract provisions. *Lemon v. Aspen Emerald Lakes Assoc., Ltd.*, 446 So.2d 177, 180 (Fla.Dist.Ct.App.1984). Because the terms "net book value" and "the same inventory valuation methods as used by" New Image are ambiguous, the district court did not err.

We agree with Stephan, however, that the district court erred in granting summary judgment to New Image. Stephan's certification letter stated that the inventory valuation was "performed in accordance with Generally Accepted Accounting Principles (GAAP)," but the attached exhibit states the analysis was "based on standard cost" and listed the categories of deductions taken to arrive at "net value."

■ Given the record before us, neither the Agreement nor the extrinsic evidence conclusively establishes that Stephan's certification materially deviated from "net book value" or New Image's methods so as to constitute, as a matter of law, either a breach of contract or failure of a condition precedent. Section 4.1(*o*) and the extrinsic evidence appear to require Stephan to use standard cost methods. Stephan's certification indicates that such methods were utilized, at least in arriving at a gross valuation. Section 4.1(*o*) (suggesting that nonsalable, obsolete and nonmerchantable goods are excluded from inventory) and Section 2.9(c) (referring to "net book value") also appear to permit Stephan to make various deductions from gross value. The extrinsic evidence—which supports only the general proposition that Stephan could not utilize GAAP—is not inconsistent with that conclusion. Stephan's deductions for obsolete and damaged goods appear to be consistent with Sections 4.1(*o*) and 2.9(c). Stephan's deduction for slow-moving goods may be inconsistent with the Agreement, but the record before us is not adequately developed to make that determination. There are, therefore, genuine factual disputes as to whether the methods utilized in Stephan's certification materially deviated from the terms of the Agreement.[2] As the district court found, there

---

1. We note that we experienced some difficulty in interpreting the district court's Memorandum of Decision and Order with respect to the price adjustment claim. The text of the order appears to conclude only that Stephan failed to meet a condition precedent for a price adjustment by using GAAP but the heading suggests that Stephan breached the contract by utilizing GAAP. *See* 8 *Corbin on Contracts* § 30.13 at 28 (revised ed.1999) (describing differences between failure to perform a condition precedent and breach of contract).

2. The deduction for slow-moving goods also presents an unresolved question of law. Assuming arguendo that New Image is able to establish on remand that Stephan's deduction for slow-moving goods is proscribed by the Agreement, the district court must determine whether the inclusion of that deduction rises to the level of a failure of a condition precedent or even a breach of contract.

also remains a disputed factual issue as to whether Stephan completed an adequate physical inventory.[3]

2. Accounts Receivable Price Adjustment Claim. Stephan argues in the alternative that, even if it is not entitled to a price adjustment for inventory, the district court erred in rejecting Stephan's claim for an accounts receivable price adjustment. We agree. The district court found that Stephan had met each condition precedent for an accounts receivable price adjustment claim. We do not read Section 2.9 and 2.10 as requiring Stephan to meet the conditions precedent for an inventory price adjustment to establish Stephan's entitlement to an accounts receivable adjustment. Accordingly, Stephan could be entitled to an accounts receivable price adjustment even if further proceedings establish that Stephan is precluded from an inventory price adjustment.

■ 3. Breach of the Implied Covenant of Good Faith and Fair Dealing. Under Florida law, "no independent cause of action exists ... for breach of the implied covenant of good faith and fair dealing." *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1317 (11th Cir.1999). As a result of our decision on New Image's breach of contract claim relating to the price adjustment, there is no underlying breach of contract supporting the district court's judgment on the bad faith claim. There is, moreover, no basis to uphold summary judgment in New Image's favor on any other ground, because the district court found the requisite bad faith solely with respect to Stephan's use of GAAP in making the inventory valuation. Summary judgment in New Image's favor on this claim therefore is reversed.

■ 4. Damages for Diminution of Stock Price. Because we vacate summary judgment in New Image's favor, we need not resolve this issue. The question of damages may arise on remand, however. We therefore note our agreement with the district court that New Image would not be entitled to damages for the difference in stock price between the scheduled and actual disbursement dates. As the district court noted, the "purchase price adjustment claim procedures set forth in the Agreement clearly indicate that the parties anticipated a contest period during which the Escrowed Stock would be frozen in escrow until the purchase price adjustment dispute was resolved." Additionally, New Image has not established that it would have sold the escrowed stock if it had been delivered earlier. *See Shearson Loeb Rhoades, Inc. v. Medlin,* 468 So.2d 272, 273 (Fla.Dist.Ct.App.1985) ("A showing of entitlement to damages under the general rule is accomplished by the plaintiff demonstrating that, had he possessed the shares, he would have sold them during the interim between the date of breach and the actual date of delivery.").

■ 5. Attorney Fees. New Image's entitlement to attorney fees under the Agreement also is mooted by our reversal of the grant of summary judgment in favor of New Image. Because the issue may arise on remand, however, we once again note our agreement with the analysis of the district court. The Agreement does not establish the prevailing party's right to fees under Florida law. *See Sholkoff v. Boca Raton Cmty. Hosp., Inc.,* 693 So.2d 1114, 1118 (Fla.Dist.Ct.App.1997) (holding that "the rule is that if an agreement for

---

**3.** The grant of summary judgment on the price adjustment issue cannot be sustained on the alternative ground that Stephan failed to apply the $40,000 inventory credit. Stephan does not appeal from the district court's grant of summary judgment to New Image on that issue. But Stephan's entitlement to a price adjustment is not forfeited by that breach.

one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable"). For the reasons stated by the district court, New Image's reliance on the judicial admissions doctrine is misplaced. That doctrine is limited to admissions of fact and does not extend to questions of law. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir.1988). The district court's conclusion that the contract does not provide for attorney fees is affirmed, with the caveat that, should this issue arise again, the parties are not proscribed from submitting additional evidence establishing that they possessed a contrary intent at the time the contract was formed.

6. New Image's Fraud/Promissory Deceit Claim. We also affirm the district court's grant of summary judgment in favor of Stephan on New Image's claim of fraud/promissory deceit. New Image presented no direct evidence that Stephan's did not intend to perform at the time the contract was formed. *See Conn. Gen. Life Ins. Co. v. Jones*, 764 So.2d 677, 683 (Fla. Dist.Ct.App.2000); *cf. Alexandria/Davis Prop., Inc. v. Graham*, 397 So.2d 699, 708 (Fla.Dist.Ct.App.1981) (holding that the subsequent failure to complete a promise is insufficient to establish that the promise was made with the present intention not to comply).

### Conclusion

We reverse the district court's grant of summary judgment against Stephan on New Image's breach of contract claim relating to the price adjustment and its grant of summary judgment against Stephan on New Image's claim of breach of the implied covenant of good faith and fair dealing. We affirm the district court's decision denying New Image damages measured by the diminution of stock price between the scheduled and actual disbursement date and its decision denying New Image attorney fees. We also affirm the district court's grant of summary judgment in favor of Stephan on New Image's fraud/promissory deceit claim. We remand to the district court for further proceedings.

REVERSED IN PART, AFFIRMED IN PART AND REMANDED. Each party to bear its own costs.