831 So.2d 758 (2002)
VILLAGE 45 PARTNERS, LLC, a Florida limited liability company, Appellant,
v.
RACETRAC PETROLEUM INC., a Georgia corporation, Appellee.
No. 4D01-4235.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
*759 Cynthia J. Becker and Glen Rafkin of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellant.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
FARMER, J.
This case concerns entitlement to fees under a restrictive covenant in title to real property. A prospective purchaser of property apparently affected by the covenant brought a declaratory judgment action to determine whether the subject property could be developed for a specific commercial usage. Before the court could determine a motion for summary judgment filed by a grantee in possession of connected property, the prospective purchaser voluntarily dismissed the action. After that dismissal, the grantee sought an award of attorney's fees under the restrictive covenant provision that says:
"in case of any violation, or attempted violation by [the original grantor's] successors or assigns of any of the covenants or restrictions contained within this Agreement, [the grantee] its successors *760 and assigns, may enforce this covenant and restriction by injunction or other appropriate proceedings and the prevailing party shall be entitled to recover its damages, costs and reasonable attorney's fees."
The question we face in this appeal is whether the above provision will sustain an award of attorney's fees for the declaratory judgment proceeding initiated by the prospective purchaser. We think not and reverse an award of fees made by the trial court.
The specific language of this covenant does not provide for an award of attorney's fees under the facts of this case. Florida requires that agreements providing for the award of attorney's fees be clear and specific. See Sholkoff v. Boca Raton Cmty. Hosp., 693 So.2d 1114 (Fla. 4th DCA 1997) (if agreement for one party to pay another party's attorney's fees is to be enforced, it must unambiguously state that intention and clearly identify matter in which attorney's fees are recoverable). Attorney's fees are not necessarily recoverable as to any and all litigation relating to a contract with an attorney's fees clause. Bowman v. Kingsland Dev. Inc., 432 So.2d 660, 664 (Fla. 5th DCA 1983).
Here the purpose of the declaratory judgment action was to ascertain definitively whether the proposed usage would be in violation of the covenant. The prospective purchaser filed the declaratory judgment action to avoid placing itself, should it become a successor or assign of the grantor, in a position of violating the restrictive covenant. Because the prospective purchaser did not purchase the property and thereby succeed to title, it was not a successor or assignee of the original grantor within the meaning of the attorney's fees provision. Nor can the declaratory judgment action itself be deemed a violation or an attempted violation of the covenant leading to an entitlement of attorney's fees. See Dade Savings & Loan Assoc. v. Broks Ctr., Ltd., 529 So.2d 775 (Fla. 3d DCA 1988) (holding that declaratory judgment action could not be construed as an action to enforce contract of sale where neither party was in violation of any contractual provision); and cf. Careers USA, Inc. v. Sanctuary of Boca, Inc., 705 So.2d 1362 (Fla.1998) (holding that declaratory judgment action was "litigation" within the meaning of attorney's fees provision despite fact that party argued that it was not litigation to enforce terms of lease).
REVERSED.
KLEIN and MAY, JJ., concurring.