975 So.2d 1208 (2008)
ISLANDER BEACH CLUB CONDOMINIUM, etc., Appellant,
v.
SKYLARK SPORTS, L.L.C., Appellee.
No. 5D06-503.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
*1209 Robert W. Thielhelm, Jr. and Leslie B. Bissinger, of Baker & Hostetler, LLP, Orlando, for Appellant.
Neal A. Sivyer and Paul D. Watson, of Sivyer, Barlow & Watson, P.A., Tampa, for Appellee.
SAWAYA, J.
The issue we must resolve is whether the following attorney's fee provision in a lease agreement entered into between Islander Beach Club Condominium Association of Volusia County, Inc. and Skylark Sports, LLC is enforceable:

ATTORNEY'S FEES: In the event that either party incurs legal fees or costs in the enforcement of this Lease or any provision hereof, whether suit is filed or not, shall be entitled to recover and to receive payment of reasonable attorneys' and costs incurred by the other party.
Islander contends this fee provision is not enforceable because it is "nonsensical" and, therefore, requests this court to reverse the order awarding Skylark $192,167.39 for costs and attorney's fees as the prevailing party in a suit brought by Skylark against Islander seeking damages for fraudulent inducement to enter into the lease agreement and for constructive eviction.[1]
*1210 Skylark leased restaurant space on the first floor of the seven-story Islander timeshare condominium and operated a restaurant on the premises before vacating due to the four-month closure of the condominium occasioned by repairs to the building. Skylark filed suit against Islander for fraudulently failing to disclose, prior to Skylark's execution of the lease agreement, its knowledge that the building had structural problems the repairs of which would adversely impact the restaurant. In another count, Skylark claimed that there had been an actual breach of the lease due to constructive eviction. Islander asserted various affirmative defenses and filed a counterclaim for breach of the lease seeking recovery of the unpaid rent based upon Skylark's abandonment of the premises.
Following a jury trial, the jury found in favor of Skylark only on its common law fraud in the inducement count, awarding Skylark $226,555 in damages, and found against Islander on its breach of lease counterclaim. Upon receipt of the favorable verdict on its fraud claim, Skylark moved for attorney's fees and costs.
At the hearing on Skylark's motion, the trial court inquired how the fee provision came to be worded as it was. Islander's attorney responded that the fee provision was being negotiated back and forth and Skylark's principal, Mr. Della Valle, had made changes himself. The court granted Skylark's motion, finding that Skylark "is the party that prevailed on the substantial issues in this case and is entitled to recover its attorneys' fees and costs . . . pursuant to the Lease. . . ."[2] In a subsequent hearing, the trial court determined that $192,167.39 was the appropriate amount to be awarded to Skylark for fees and costs.
We review de novo a trial court's determination of entitlement to attorney's fees based upon the court's interpretation of a contract. Gibbs Constr. Co. v. S.L. *1211 Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000) (holding that de novo review is appropriate when entitlement to attorneys fees is based on interpretation of contractual provisions); see also Gilman Yacht Sales, Inc. v. FMB Invs., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000).
The starting point of our analysis begins with the general principle that "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision." Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 664 (Fla. 5th DCA 1983); see also B & H Constr. & Supply Co. v. Dist. Bd. of Trs. of Tallahassee Cmty. Coll., Fla., 542 So.2d 382, 387 (Fla. 1st DCA 1989) ("The right to contractual attorney's fees is limited by the terms of the provision. . . ." (citing Bowman)), review denied, 549 So.2d 1013 (Fla.1989); Bay Lincoln-Mercury-Dodge, Inc. v. Transouth Mortg. Corp. of Fla., 531 So.2d 1027 (Fla. 1st DCA 1988).
Application of this legal principle leads us to conclude that the attorney's fee provision in the lease is unenforceable. Iteration of the provision here is helpful:
ATTORNEY'S FEES: In the event that either party incurs legal fees or costs in the enforcement of this Lease or any provision hereof, whether suit is filed or not, shall be entitled to recover and to receive payment of reasonable attorneys' and costs incurred by the other party.
The provision as written clearly makes no sense: It provides that if either party incurs attorney's fees or costs when trying to enforce the lease, some unnamed entity (presumably, at least, a party) is entitled to recover the fees and costs that were incurred by the other party rather than those incurred by that entity. Thus, it does not reflect any clear intention of the parties as to whom, when, and how attorney's fees or costs should be allowed. We, therefore, conclude that as written, the fee provision in the lease is unenforceable. See also Vill. 45 Partners, LLC v. Racetrac Petroleum Inc., 831 So.2d 758, 760 (Fla. 4th DCA 2002) ("Florida requires that agreements providing for the award of attorney's fees be clear and specific."); Sunshine Bottling Co. v. Tropicana Prods., Inc., 757 So.2d 1231, 1233 (Fla. 3d DCA 2000) ("In the absence of a clear and unambiguous contractual provision or a statutory right, Sunshine is not entitled to attorney's fees."); Toyota Motor Credit Corp. v. Dollar Enters., Inc., 702 So.2d 1319 (Fla. 3d DCA 1997); Sholkoff v. Boca Raton Cmty. Hosp., Inc., 693 So.2d 1114, 1118 (Fla. 4th DCA 1997) ("[T]he rule is that if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable. . . . If the agreement is clear, no construction is necessary. If it is ambiguous, the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed; nor will it allow intentions to indemnify another's attorney's fees to be ambiguously stated and then resolved by the finder of fact."); Fla. Med. Ctr., Inc. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995).
In order to award fees to Skylark, the trial court: (1) read into the clause the language necessary to make it a prevailing party provision, and (2) rewrote the final portion, changing "by the other party" to "from the other party." We believe the trial court went too far in rewriting the agreement for the parties as it did. It is a simple matter to include a cogent prevailing party provision and here, the parties did not do so. Perhaps the parties did not intend a prevailing party provision. Perhaps they did intend that one party receive *1212 the amount of fees expended by the other party in an effort to make the parties mindful of keeping fees down. What is clear is that there was no meeting of the minds regarding these specific provisions, and it was error for the court to insert them when they were not included by the parties. B & H Construction, 542 So.2d at 387 ("The attorney's fee provision in the construction contract does not require a `prevailing party' analysis. It simply and clearly requires a finding that B & H breached the contract in order for TCC to recover fees. The right to contractual attorney's fees is limited by the terms of the provision and should be strictly construed. Therefore, we reject the application of a `prevailing party' analysis to the present case.") (citations omitted); Dan Galasso Waste Serv., Inc. v. Hemery, 528 So.2d 1356, 1358 (Fla. 3d DCA 1988) (holding it was error for trial court to construe provision, "In the event of a breach of this agreement by either party, the breaching party shall pay all reasonable attorney's fees . . .," to mean that the prevailing party in any action on the contract was entitled to attorney's fees; there was no "prevailing party" language in the clause and to rewrite the clause by construing it to include the term is "a result strictly forbidden by well-established principles of contract law.") (footnote omitted), review denied, 537 So.2d 569 (Fla.1988).
Because the attorney's fee provision in the lease is unenforceable, we reverse the order under review awarding Skylark its attorney's fees and costs. We do not remand for reconsideration of a fee award because there is no basis for the award other than the unenforceable fee provision. See Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) ("[A]ttorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties."); Plapinger v. E. States Props. Realty Corp., 716 So.2d 315, 317 (Fla. 5th DCA 1998). However, we do remand for reconsideration of Skylark's costs pursuant to section 57.041, Florida Statutes.[3]
REVERSED and REMANDED.
PALMER, C.J. and MONACO, J., concur.
NOTES
[1] Islander also contends that even if the attorney's fee provision is enforceable, the trial court erred by: 1) concluding that the claim for fraudulent inducement was an action "in the enforcement" of the lease such as would trigger the fee provision; and 2) awarding fees for not only the fraudulent inducement claim, but also for the constructive eviction count on which Skylark was not successful. As to the first issue, we would briefly note that there is a difference between a clause that provides for fees "arising out of a contract" and a clause that provides for fees incurred "in the enforcement of a contract." An action for fraud in the inducement is not considered an action "in the enforcement of a contract," but it may be considered an action that "arises out of the contract." See W.G. Techs., Inc. v. PC Franchise, Inc., 814 So.2d 458, 459 (Fla. 4th DCA 2001) (holding that an action for negligent misrepresentation is not an action "in the enforcement of a contract" and the prevailing party in that action would not be entitled to fees pursuant to a fee provision containing that clause); see also Caufield v. Cantele, 837 So.2d 371 (Fla.2002) (holding that a claim for fraudulent misrepresentation concerning the subject matter of the contract does "arise out of the contract," thus entitling the prevailing party to fees pursuant to a contractual provision containing that clause). Because the fee provision provides for fees "in the enforcement of the lease," we agree with Islander on that issue. In any event, these two issues are rendered moot by virtue of our holding that the provision is unenforceable, and we will comment no further on either of them.
[2] Islander appealed both the order finding that Skylark was entitled to fees and the final order entered on the verdict. The appeal as to the fee order was stayed pending the outcome of the appeal of the final judgment. This court per curiam affirmed the final judgment on the merits. Islander Beach Club Condo. v. Skylark Sports, L.L.C., 942 So.2d 896 (Fla. 5th DCA 2006). In that appeal, Skylark sought its appellate fees and costs, citing to section 57.105(7), Florida Statutes, and the fee provision in the lease. Appellate fees were denied. During the pendency of the appeal of the final judgment, an evidentiary hearing was held by the trial court to determine the amount of fees to which Skylark was entitled.
[3] Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 915 (Fla.2001) ("A prevailing party is entitled to recover from the losing party `all his or her legal costs and charges which shall be included in the judgment.' § 57.041, Florida Statutes."); Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986) ("Although section 57.041 provides for costs to `the party recovering judgment' and section 768.56 provides for `prevailing party' attorney fees, we concede that the same principles should be applied under each provision."); Wyatt v. Milner Document Prods., Inc., 932 So.2d 487 (Fla. 4th DCA 2006) (applying a prevailing party standard to determine costs under section 57.041, Florida Statutes); Granoff v. Seidle, 915 So.2d 674, 677 (Fla. 5th DCA 2005). But see Bessey v. Difilippo, 951 So.2d 992, 995 (Fla. 1st DCA 2007) (declining to use the prevailing party standard and certifying conflict with Granoff).