NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1290

AIR TURBINE TECHNOLOGY, INC.,

Plaintiff-Appellee,

v.

ATLAS COPCO AB, ATLAS COPCO TOOLS AB,
ATLAS COPCO NORTH AMERICA, INC., and ATLAS COPCO TOOLS, INC.,

Defendants-Appellants.


Richard L. Horn, Akerman Senterfitt, of West Palm Beach, Florida, argued for plaintiff-appellee.

William P. Atkins, Pillsbury Winthrop Shaw Pittman LLP, of McLean, Virginia, argued for defendants-appellants.  With him on the brief was Benjamin L. Kiersz.

Appealed from:  United States District Court for the Southern District of Florida

Judge Kenneth A. Marra

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1290

AIR TURBINE TECHNOLOGY, INC.,

Plaintiff-Appellee,

v.

ATLAS COPCO AB, ATLAS COPCO TOOLS AB,
ATLAS COPCO NORTH AMERICA, INC., and ATLAS COPCO TOOLS, INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Southern District of Florida in case no. 01-CV-8288, Judge Kenneth A. Marra.

_____

DECIDED: April 24, 2009

_____

Before SCHALL, PLAGER, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Dissenting opinion filed by Circuit Judge PLAGER.

PROST, Circuit Judge.

This is a case of contract interpretation under Florida state law. Air Turbine Technology ("ATT") and Atlas Copco AB ("Atlas") entered into an agreement governed by the laws of Florida under which Atlas agreed not to practice ATT's patent, or introduce certain pencil grinders competing with ATT's patent. The contract included a provision ("paragraph 17") awarding "legal costs and expenses" to the prevailing party in any litigation arising out of a breach of the contract.

Following the termination of the parties' business relationship, Atlas introduced a pencil grinder into the United States market. ATT brought suit against Atlas for breach of contract, patent infringement, and unfair competition. The United States District Court for the Southern District of Florida, after a trial, found in favor of Atlas on all counts. Atlas then sought legal costs and expenses pursuant to paragraph 17 of the contract. Atlas's claim for legal costs and expenses included the costs of defending Atlas from the breach of contract claim, as well as the patent infringement and unfair competition claims. Atlas's claim for legal costs and expenses also included attorney's fees.

The district court found that paragraph 17 provided for legal costs but not attorney's fees for those costs associated with the breach of contract claim but not the underlying claims of patent infringement and unfair competition. We <u>affirm</u> the district court's finding that paragraph 17 provides "legal costs and expenses" only for that incurred as a result of defending Atlas from the breach of contract claim. We <u>reverse</u> the district court's construction of the term "legal costs and expenses" and <u>remand</u> to the district court with instructions to recalculate the amount of "legal costs and expenses" to include reasonable attorney's fees incurred as a result of defending Atlas from ATT's breach of contract claims.

## I. Jurisdiction

It is first necessary to determine whether the case is properly before this court. ATT contends that the present appeal is untimely, as it was filed more than ten months after the district court's February 27, 2007 opinion construing the phrase "legal costs and expenses," and determining that contractually based costs and expenses did not

extend to costs and expenses of defending against the patent infringement and unfair competition claims. The 2007 order, however, did not dispose of the entire controversy surrounding paragraph 17, as it reserved judgment on the actual amount of the award granted. The district court decided which kinds of costs to award, and calculated the amount of those costs, on February 26, 2008. Atlas's appeal to this court regarding the district court's interpretation of paragraph 17 was timely with respect to the 2008 order.

A denial of costs or attorney's fees under Rule 54 of the Federal Rules of Civil Procedure is collateral to, and separately appealable from, the merits of an underlying suit. See Fed. R. App. P. 4. Although Atlas asserted more than one theory under which it was entitled to attorney's fees, the decision on appeal to this court is the construction of the parties' contractual fee provision clause, and not a Rule 54 motion. See Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1270 (11th Cir. 2000). The legal costs and expenses awarded pursuant to the disputed contract was not a final judgment until the district court's interpretation of the contract language was applied to Appellant's expense reports and the amount of the contractually-based award was calculated. Cf. Special Devices, Inc., v. OEA, Inc., 269 F.3d 1340, 1341 (Fed. Cir. 2001); Mendenhall v. Barber-Grene Co., 26 F.3d 1573, 1580 (Fed. Cir. 1994). We find that the district court's decision not to include attorney's fees in the award was not "wholly collateral" to the merits of the contractually-based claim for legal costs and expenses and therefore was not immediately appealable. Buchanan v. Stanships, 485 U.S. 265, 268-69 (1988).

The district court's reservation of judgment on the amount of the contractually-based award carried with it a reservation of jurisdiction over the district court's interpretation of the relevant contract language. To find otherwise would require Atlas

to appeal related issues within a single case at different times. Such a piecemeal appellate review is inconsistent with this court's limitation of jurisdiction to final judgments and would undermine judicial economy. See 28 U.S.C. § 1295(a)(1).

## II. Standard of Review

Atlas appeals the district court's denial of its motion for reconsideration, which is reviewed for abuse of discretion according to the law of the governing regional circuit. Bd. of Trs. v. Humana Military, 447 F.3d 1370, 1374 (Fed. Cir. 2006); Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004). Contract interpretation is a matter of law reviewed de novo. Lucent Techs., Inc. v. Gateway, Inc., 543 F.3d 710, 717 (Fed. Cir. 2008); see also Gibbs Constr. Co. v. S.L. Page Corp., 755 So. 2d 787, 790 (Fla. Dist. Ct. App. 2000) (finding appropriate de novo review of contractual interpretation of an attorney fee provision). A district court's application of contract interpretation to the facts, in the context of attorney fee provisions, is reviewed for abuse of discretion or clear error. Davis v. Nat'l Med. Enters., 253 F.3d 1314, 1318-19 (11th Cir. 2001); Waters v. Intern Precious Metals Corp., 190 F.3d 1291, 1293 (11th Cir. 1999).

## III. Award of Contractually-Based Attorney's Fees

In construing paragraph 17 as not to providing for attorney's fees, the district court relied in part on Florida precedent requiring contractual provisions regarding attorney's fees to be "strictly construed." Air Turbine Tech., Inc. v. Atlas Copco AB, 9:01-CV-08288, slip op. at 7-8 (S.D. Fla. Feb. 28, 2007) (citing Pici v. First Union Nat'l Bank of Fla., 705 So. 2d 50, 51 (Fla. Dist. Ct. App. 1997) (strictly construing the language of an attorney fee provision to apply only to monetary default); Venetian Cove

Club, Inc. v. Venetian Bay Developers, Inc., 411 So. 2d 1323, 1324 (Fla. Dist. Ct. App. 1982) (strictly construing the language of an attorney fee provision to apply only to a prevailing lessor)). These cases, however, deal with construction of other language in provisions already determined to provide for attorney's fees. They do not stand for the proposition that language allegedly providing for attorney's fees must be strictly construed in determining whether it is an attorney fee provision.[1] These decisions do not speak to the issue of whether the phrase "legal costs and expenses" can be considered an attorney fee provision.

Florida law requires provisions for attorney's fees to "unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." Sholkoff v. Boca Raton Comm. Hosp., Inc., 693 So. 2d 1114, 1118 (Fla. Dist. Ct. App. 1997) (requiring parties to "manifest in some clear way" an agreement to indemnify for attorney's fees through express language evidencing a "meeting of the minds"); see also Islander Beach Club Condo. v. Skylark Sports, 975 So. 2d 1208, 1211-12 (Fla. Dist. Ct. App. 2008) (finding unenforceable an attorney fee provision that was entirely incoherent). The court in Sholkoff explained that the ambiguity requirements were

> not so much a matter of strict construction as . . . a rule for resolving ambiguities. If the agreement is clear, no construction is necessary. If it is ambiguous, the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed; nor will it allow intentions to indemnify another's attorney's fees to be ambiguously stated and then resolved by the finder of fact.

---

[1] But see Wendell v. Wendell, 852 So. 2d 277, 281-82 (Fla. Dist. Ct. App. 2003) (construing the term "expenses" in the divorce agreement phrase "[e]xpenses for such mediation or legal action shall be shared equally by the parties" not to include private attorney's fees). The court's construction of the term "expenses" in Wendell was required by the logical implications of the entire phrase, and does not establish a per se rule that "legal expenses" can never be construed to include attorney's fees.

Sholkoff, 693 So. 2d at 1118. There is no such struggle here. Although the disputed language could be subject to two interpretations, the most natural reading of paragraph 17 in light of the evidence of record is one that clearly expresses a mutual intent to provide for attorney's fees. The district court's implication and ATT's argument that attorney's fees can only be provided in contract by use of the exact words "attorney's fees," is not supported by Florida law.

ATT is also incorrect that parol evidence and the parties' intent is irrelevant to a proper construction of "legal costs and expenses" as a matter of law. In Zosman v. Schiffer/Taxis, Inc., 697 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1997), for example, a Florida state appellate court considered parol evidence of parties' intent to construe a contractual provision for legal costs. The court looked at witness transcript testimony as well as other contracts between the parties to construe the term "costs." Florida district courts have also looked to the intent of the parties in construing contract fee provisions. See, e.g., Commercial Svc. of Perry v. Campbell, 861 So. 2d 1258, 1261 (Fla. Dist. Ct. App. 2003) (looking in part to the intent of the parties in construing the term "costs" not to include attorney's fees).

In this case, there is no credible dispute that both parties understood and intended the phrase "legal costs and expenses" to include attorney's fees. The parties' conduct before the court and 30(b)(6) witness testimony clearly indicate this mutual

understanding.[2] We find that extending "legal costs and expenses" to attorney's fees is not an unnatural reading of the plain language of the contract,[3] and that this reading is ultimately compelled by the parties' mutual intent in drafting the agreement. The district court's finding that paragraph 17 was not an attorney fee provision under strict construction, and decline to consider parol evidence in that construction, constitutes an error of law.

IV. Legal Costs and Expenses for Patent Infringement and Unfair Competition

Atlas seeks additional indemnity for legal costs and expenses incurred in defending itself from claims of patent infringement and unfair competition. It argues that such claims arise out of the contract because ATT would have to prove patent infringement and unfair competition in order to prevail on the breach of contract claims.

---

[2] ATT contends that Atlas's quotation of deposition testimony during which the ATT interpreted the phrase "legal costs and expenses" is out of context and misleading. We have examined the quotation in the context of the portion of the transcript provided in the joint appendix. ATT was questioned extensively during oral argument before this court about the context of the statement as well as what was meant by it. We find that the statement unequivocally confirms that ATT understood and intended the phrase "legal costs and expenses" to include attorney's fees.

[3] In an attempt to establish a favorable natural reading of the term "legal costs and expenses," ATT points first to an 1885 version of the Florida Constitution (which has since been revised twice, removing the relevant language). The relevant language provides for the county to pay the "legal costs and expenses, including the fees of officers" in criminal cases where the defendant was insolvent or discharged. Florida courts interpreted that the provision did not provide a right to private attorney fees. The vast differences in time, context, area of law, and policy considerations make citation to an obsolete constitutional provision unpersuasive as to the proper construction of the disputed contract provision. ATT also cites a divorce case in which the court ordered one party to pay "the necessary legal costs and expenses attendant on preparing a transcript", which language was interpreted not to include attorney's fees. The construed phrase was qualified with the modifiers "necessary" and "attendant on preparing a transcript" and is otherwise non-analogous to the present case. Finally, ATT cites dictionary definitions of the terms "costs" and "expenses" that actually weigh in favor of construing "expenses" to include attorney's fees.

Atlas would therefore have to defend itself from these claims and incur the costs of that defense regardless of whether ATT also sought recovery on grounds other than contract breach.

The logic of Atlas's argument cuts both ways, however. Had ATT chosen not to assert the breach of contract claim, Atlas would not have been entitled to any contractually based costs for defending itself from the patent infringement and unfair competition claims. Cf. Seifert v. U.S. Home Corp., 750 So. 2d 633, 639 (Fla. 1999).

It was within the discretion of the district court to determine which costs were attributable to the breach of contract claim, and which were not. Atlas does not dispute the source of any particular cost, only whether it was appropriate in general to have discriminated among costs based on source. The district court correctly limited contractually-based recovery to those costs incurred as a result of defending itself from the breach of contract claims.

COSTS

Each party shall bear its own cost for this appeal.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1290

AIR TURBINE TECHNOLOGY, INC.,

Plaintiff-Appellee,

v.

ATLAS COPCO AB, ATLAS COPCO TOOLS AB,
ATLAS COPCO NORTH AMERICA, INC., and ATLAS COPCO TOOLS, INC.,

Defendants-Appellants.

Appeal from the United States District Court for the Southern District of Florida in case no. 01-CV-8288, Judge Kenneth A. Marra.

PLAGER, <u>Circuit Judge</u>, dissenting.

I respectfully dissent.

As the court notes in its opening paragraph, this is a case of contract interpretation under Florida state law.  The district judge in this case has been interpreting Florida state law for many years;[1] we almost never do.  The particular issue here is how to interpret the Florida cases addressing the question of what it takes to constitute an enforceable attorney fee provision.  The Florida cases, as the majority grudgingly admits, are strict with regard to what qualifies.  <u>See</u> maj. op. at 5-6.  The trial court concluded that the particular language in our case fails to meet the standard required by the Florida courts.  Even if there were any real question about whether the trial court is correct—and in my view there is not—I would feel it appropriate to defer to

the district judge's reasoned explanation of what his state's law requires, and why the facts in this case do not meet that standard.

Picking at and distinguishing away cases on the basis of their different facts, without respecting their basic policy point, is not my view of how this case should have been decided. The district court's judgment should be affirmed without cavil. I respectfully dissent from our failure to do so.

---

[1] Judge Marra of the Southern District of Florida has been on the Florida bench for some thirteen years—first as a state court judge, and for the past seven years as a federal district judge.